## Betz v. Winter & Goetz.

*Negligence—Master and servant—Machinery—Nonsuit.*

In an action by a boy sixteen years old against his employer to recover damages for personal injuries, a nonsuit is properly entered where the evidence shows that the plaintiff had operated the machine at which he was injured for five or six months; that he had been instructed by his predecessor in the work to which he was assigned; that the condition of the machine was the same when he received his injury as when his predecessor operated it; that the danger in working the machine was obvious, that the injury could have been avoided by a temporary suspension of the operation of the machine, and that there was nothing in the case which authorized an inference that the defendant failed in any respect to discharge the duty of furnishing a reasonably safe machine.

Argued Feb. 27, 1899. Appeal, No. 12, Jan. T., 1899, by plaintiff, from order of C. P. Berks Co., Jan. T., 1898, No. 10, refusing to take off nonsuit in case of William H. Betz, by his friend and mother Mary A. L. Snyder, v. Ferdinand Winter and Ferdinand Goetz, trading as Winter & Goetz. Before STERRETT, C. J., McCOLLUM, MITCHELL, DEAN and FELL, JJ. Affirmed.

Trespass for personal injuries. Before ENDLICH, J.

The court entered a compulsory nonsuit which it subsequently refused to take off.

The facts are stated by ENDLICH, J., as follows:

In June or July, 1895, the plaintiff, a well-developed and powerfully built boy of sixteen years, sought and obtained employment from the defendants at fleshing hides. This operation is conducted by means of a machine controlled by the operator standing in front of it upon an unavoidably slippery platform slightly dipping away from the machine, the very appearance and construction of which give warning of its dangerous character. In this instance the latter was emphasized by the fact that a strip of the front part of a wooden hood covering the cylinder, which, when the machine is at work, revolves at an exceedingly high rate of speed, had, for some considerable time, been broken off, or removed, exposing to full view the cylinder and the many converging rows of knives arranged upon it.

The person who operated this machine before the plaintiff took his place at it was an acquaintance of the plaintiff's, who, in order to learn how to operate it, attended upon him while at work and on several occasions operated the machine under his supervision, until, as he says, " I thought I could operate it." After being employed, he worked steadily at the machine for five or six months, when, on December 11, 1895, a not unusual obstruction to the passage of the hide under treatment having occurred, the plaintiff, with a view to overcoming it without stopping the machine, leaned over the latter and, in endeavoring to recover himself, slipped and lurched towards the revolving cylinder, which caught his arm, drew it in and cut it off together with part of the shoulder blade. There was, as the plaintiff well knew, another way of remedying the difficulty that had occurred, which, whilst it would have been free from danger, involved a little more trouble and loss of time in stopping the machine. The plaintiff was working by the piece. The method which he did adopt and which, if successful, was more expeditious, had been tried by him before with success, and would, in all probability, have resulted in no disaster on this occasion had he not slipped on the platform, the cleaning of which belonged to his duties. The use of the machine at which plaintiff was injured was shortly thereafter discontinued by defendants, one of whose former employees had also been injured while working at it.

*Error assigned* was in refusing to take off the nonsuit.

*William B. Bechtel,* for appellant, cited Bennett v. Standard Plate Glass Co., 158 Pa. 120, Whitaker v. Campbell, 187 Pa. 113, Lebbering v. Struthers, 157 Pa. 312, Cargill v. Philadelphia Towel Supply & Laundry Co., 185 Pa. 269, McKee v. Bidwell, 74 Pa. 218, Penna. R. Co., v. Peters, 116 Pa. 206, and Crissey v. Hestonville, etc., Railway Co., 75 Pa. 83.

*Cyrus G. Derr,* with him *Ermentrout & Ruhl,* for appellees, cited Shaffer v. Haish, 110 Pa. 575, O'Keefe v. Thorn, 24 W. N. C. 379.

OPINION BY MR. JUSTICE McCOLLUM, April 16, 1900:

The plaintiff was in his seventeenth year at the time of the

occurrence in which he lost an arm. He was then and for five months previous thereto had been an employee of the defendants in a department of their tannery. He was instructed by his predecessor in the work to which he was assigned. It was a position that he sought and for which he was obviously qualified. The condition of the machine used in fleshing hides was the same when he received his injury as when his predecessor operated it. It was a reasonable conclusion from the testimony in the case that the plaintiff and his predecessor were alike familiar with the operation of the machine and aware that avoidance of contact with it while in motion was essential to their safety, but neither of them thought or suggested to the defendats, that the condition of the hood increased the danger to which they were exposed.

It was the effort of the plaintiff to disengage a piece of flesh fastened between the rubber roller and the journal at the right of the machine that resulted in the injury of which he complains. It is conceded by him that the injury could have been readily avoided by a temporary suspension of the operation of the machine, and that the brief delay of the suspension would have been of trifling importance. That he was vigorous, energetic and devoted to the performance of the work in which he was engaged admits of no doubt, and that he was acquainted with the risks incident to it sufficiently appears in his testimony. It was also shown by his testimony that the hood prevented the machine from throwing pieces of flesh in the faces of the workmen, and around the room, and that it was designed for that purpose. He frankly acknowledged that he knew he had to keep his hands away from the knives and that if he had done so there would have been no accident. It follows as a legitimate conclusion from the facts established by the testimony that if the plaintiff had exercised the care required by the circumstances there would have been no occurrence on which to base a suit for the injury he received.

It was undoubtedly the duty of the defendants to furnish a reasonably safe machine to be operated by their employees in the performance of the work to which they were assigned, and there is no testimony in the case which authorizes an inference that they failed in any respect to discharge that duty. The age and intelligence of the plaintiff excluded a presumption of

want of capacity for the position he sought and obtained, and the information he received from his predecessor repelled the suggestion that he was without instruction or experience.

For the reasons above stated we conclude that the learned court below did not err in refusing to set aside the nonsuit.

Judgment affirmed.