214    105
217    352

## Danisch, Appellant, *v.* Amer.

*Negligence—Master and servant—Machinery—Risk of employment—Nonsuit.*

When an employee undertakes the performance of dangerous duties, he assumes such risks as are incident to their discharge from causes open and obvious with which he is familiar, or has the opportunity to become acquainted.

In an action by a boy eighteen years old to recover damages for personal injuries sustained while working at a machine in a morocco factory, it appeared that the plaintiff had been working on similar machines to the one on which he was injured, for two months, and was reasonably familiar with the duties and dangers of his employment.    It appeared that the hood

covering fleshing knives on the machine in question was broken. Plaintiff observed the broken hood, and informed the foreman that he could see the knives. He did not, however, object to working on the machine on this account, nor did he complain or raise any question about its being dangerous or unsafe. Just how the plaintiff's hand was caught by the knives was not clearly shown by the evidence. *Held*, that under the evidence plaintiff assumed the risk of his employment, and that a nonsuit was properly entered.

Argued Jan. 5, 1906. Appeal, No. 188, Jan. T., 1905, by plaintiff, from order of C. P., No. 5, Phila. Co., June T., 1903, No. 1931, refusing to take off nonsuit in case of Henry Danisch by his next friend, Henry Rajsik, v. William Amer and Company. Before MITCHELL, C. J., BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before DAVIS, J.

The facts are stated in the opinion of the Supreme Court.

*Error assigned* was refusal to take off nonsuit.

*George Demming*, for appellant.—The case was the jury: Whitaker v. Campbell, 187 Pa. 113; Com. v. Farrell, 187 Pa. 408; Fritz v. Jenner, 166 Pa. 292; Williams v. Clark, 204 Pa. 416; Winters v. Boll, 204 Pa. 41; Doyle v. Pittsburg Waste Co., 204 Pa. 618; Bartholomew v. Kemmerer, 211 Pa. 277.

*George L. Crawford*, of *Crawford & Loughlin*, for appellees. —The nonsuit was properly entered: Baldwin v. Urner, 206 Pa. 459; Betz v. Winter, 195 Pa. 346; Auberle v. City of McKeesport, 179 Pa. 321; Com. v. Farrell, 187.Pa. 408; Custer v. R. R. Co., 206 Pa. 529; Scanlon v. Phila. Rapid Transit Co., 208 Pa. 195; Patton v. Texas & P. Ry. Co., 179 U. S. 658 (21 Sup. Ct. Repr. 275); Gates v. Penna. R. R. Co., 154 Pa. 566.

OPINION BY MR. JUSTICE ELKIN, February 26, 1906:

The negligence alleged against the defendant is that the plaintiff was put to work in an unsafe and dangerous place without giving him proper instructions, and in maintaining

deficient, unsafe and improper machinery lacking ample safety devices. The evidence fails to disclose any negligence making the defendant liable in damages because of his being put to work in a dangerous and unsafe place without giving him proper instructions. This branch of the case needs no further consideration.

The evidence did show that the hood which covered the fleshing roller was broken so as to expose the knives to the plain view of the appellant. This is the only negligence, if such it was, shown by the testimony. Is it sufficient to sustain this action? The plaintiff, a young man about eighteen years of age, had been employed in and about morocco factories for a period of two years prior to the date of accident. He had been working on slating and fleshing machines similar to the one on which he was injured two months prior thereto. He was reasonably familiar with the duties pertaining to his employment. The dangers of the machines on which he had previously worked, as well as the dangers of the one on which he was working at the time of his injury, were known to him. It is true the machines on which he had previously worked had a hood over the fleshing knives, while on the machine on which he was working the day of the accident the hood was broken. Under the circumstances, this is not sufficient evidence of negligence to make the defendant liable in damages.

Before going to work the plaintiff observed the broken hood and informed the foreman he could see the knives. He did not object to working on the machine on this account, nor did he complain or raise any question about its being dangerous or unsafe. The danger, if any, was open and obvious, and could be seen by the plaintiff as well as by the foreman or his employer. The danger was as apparent to the plaintiff as anyone else, and he took the risk : Betz v. Winter, 195 Pa. 346 ; Baldwin v. Urner, 206 Pa. 459. It was not a latent and unseen danger about which he would not know without instructions. The danger was seen by the plaintiff and could have been avoided by the exercise of reasonable care. This case comes within the rule of Kaufhold v. Arnold, 163 Pa. 269, in that an employer is not responsible for those dangers to which the employee voluntarily subjects himself. We have frequently held that an employee who voluntarily undertakes a dangerous employ-

ment with which he is familiar assumes the risks naturally incident thereto: Green & Coates Street Pass. Railway Company v. Bresmer, 97 Pa. 103; Diehl v. Lehigh Iron Company, 140 Pa. 487. When an employee undertakes the performance of dangerous duties he assumes such risks as are incident to their discharge from causes open and obvious with which he is familiar or has the opportunity to become acquainted: Sykes v. Packer, 99 Pa. 465.

In the case at bar the evidence does not clearly show how the accident occurred. The plaintiff stood at the back of the machine which consisted of three rollers, two of which caught the skins and rolled them toward him, whereupon it was his duty to catch them as they came from the rollers, and lay them on a pile near by. Above and slightly in front of the two rollers behind which plaintiff stood, was a third roller, which contained the fleshing knives. The skins passed the roller with the fleshing knives and were then caught by the other two rollers and rolled toward the plaintiff. As he stood behind the two rollers the evidence shows he caught the skin with his left hand, while his right hand for some reason and in some manner not satisfactorily explained passed over the top of the grip roller and was caught by the roller containing the fleshing knives. The evidence does not show how nor why his right hand got in that dangerous place. If he had used his right hand with his left in pulling the skins from the two rollers at which he was working, the accident could not have occurred. In such event, the rollers instead of pulling his hand in would have pushed it out, because those rollers were revolving toward him. He had no duty to perform which required him to place his hand near the upper roller containing the fleshing knives. It is apparent that the plaintiff had only to exercise reasonable and ordinary care in keeping away from the fleshing knives to avoid the danger. The testimony does not clearly show for what purpose the hood was placed over this part of the machine. At the argument it was suggested that it was a protection to the person who worked back of the machine so that the flesh and water thrown from the skins would not fly in the face of the operator. It was also suggested that there is a space of a few inches between an unbroken hood and the knives in all such machines. Hence it was argued that the accident would

have occurred even if the hood had been unbroken, because the fingers and hand resting on the top of the grip roller would have passed under the unbroken hood and be caught by the fleshing knives just the same. If this be true, it would follow that the negligence complained of was not the direct or proximate cause of the accident. Be this as it may, it is not necessary to accept this view of the situation in order to determine the rights of the parties to this issue. The danger from the fleshing knives was obvious, apparent and known to the plaintiff, who was familiar with the duties of his employment, and he therefore assumed the risks and cannot recover for the injuries sustained.

The evidence having failed to disclose any negligence on the part of the defendant making it liable in damages, it is unnecessary to consider the assignments of error relating to expert testimony. The learned court below properly directed a nonsuit to be entered.

Judgment affirmed.