# Green and Coates Street Passenger Railway Company *versus* Bresmer.

| 97  | 103 |
| 99  | 469 |
| 97  | 103 |
| 140 | 496 |
| 97  | 103 |
| 214 | 108 |

1. A master does not warrant the safety of his servants, but is under an implied contract to adopt and maintain suitable instruments and means with which to carry on the business in which they are employed, so that they can perform their duties safely and without exposure to dangers which do not come within the reasonable scope of their employment.

2. A servant will be deemed to have assumed all risks naturally and reasonably incident to his employment.

3. Where a servant is injured in the ordinary course of his employment, after having had a fair opportunity to become acquainted with the risks naturally and reasonably incident thereto, he will be deemed to have contracted to submit to such risks, and has, therefore, no right of action against his master for the injury done him.

4. A., who was employed as an hostler by a street car company, received an injury from the kick of a vicious mare, while engaged in grooming her as was his duty. The fact of the mare's being vicious was known by A., by other employés of the company, and by the officers thereof. A. had once before been kicked by the same mare, but had not asked to have her taken from under his care. At the time of the accident A. was not using a strap which he ordinarily used when grooming the mare to prevent her from kicking. In an action by A. against the company to recover damages for the injury done him, *Held*, that the plaintiff was not entitled to recover.

5. In an action against a street car company for an injury occasioned by the kick of a vicious mare belonging to the company defendant, evidence is admissible in order to show that the company knew of the vicious character of the animal, that the stable boss was possessed of such knowledge, and had had a conversation with the superintendent of the company relative to the sale of the mare.

[Green & Coates St. Pass. Railway Co. *v.* Bresmer.]

January 19th and 20th 1881.   Before SHARSWOOD, C. J., MERCUR, GORDON, PAXSON, TRUNKEY, STERRETT and GREEN, JJ.

Error to the Court of Common Pleas, No. 1, of *Philadelphia county:* Of January Term 1880, No. 130.

This was an action on the case by John Bresmer against the Green and Coates Street Philadelphia Passenger Railway Company, to recover damages for injuries suffered by the plaintiff, on the 9th December 1878, from the kick of a vicious mare, while being groomed by the plaintiff, who was an hostler in the employ of the defendant company.

On the trial, before BIDDLE, J., the evidence showed that the bad character of the mare for kicking was known to the plaintiff; that she had kicked him on a previous occasion in 1876, but he made no complaint, and did not ask to have her taken from under his care; that the plaintiff was in the habit of tying up her fore-leg to prevent her kicking, but on the occasion in question he omitted this precaution because, as he testified, he " could not find his strap."

The plaintiff offered to prove by John Moghty, who had been an employe of the company at the time of the accident, that the character of the mare for kicking was known to the stable boss, who had told the superintendent that the president had ordered the horse to be sold, and that the superintendent had replied that he would like to see himself sell the horse, as five trips a day would not hurt her.   Objected to; objection overruled; exception (11th and 12th assignments of error.)   The witness testified in accordance with the offer.

The defendant presented, inter alia, the following points:

4. That if the jury believe the plaintiff's statement that he had been previously kicked by the same horse complained of in this case, and that he still remained in the company's service, and in charge of the horse in question, he thereby assumed the risk of being kicked by it, and the verdict must be for the defendant.  Refused.   (5th assignment of error.)

5. That if the jury believe from the evidence that the horse in question was accustomed to kick, and that the plaintiff, knowing the fact, remained in the service of the defendant as hostler, then, even if the defendant were fully aware of the said propensity of the horse, the plaintiff cannot recover, but the verdict must be for the defendant.

9. That the plaintiff can recover in this case only on the ground that the injury was caused by the negligence of the defendant, and if the jury find from the evidence that the defendant had in its possession a mare disposed to kick, which was placed in the care of the plaintiff, that he had knowledge of the disposition of the mare, and whilst in the performance of his duty as hostler of the defendant he received his injury from a kick of the mare, he

[Green & Coates St. Pass. Railway Co. *v.* Bresmer.]

cannot recover in this action, even if the jury believe that the defendant knew of the disposition of the horse.

10. It was not negligence in the defendant to keep this mare, even if she was a kicker and the defendant knew it, if the plaintiff had knowledge of the fact and had been warned against her disposition.

His Honor answered the 5th, 9th and 10th points together, as follows:

"If the servant, in obedience to the orders of the company, took charge of this horse, and, although he knew him to be dangerous, reasonably supposed that he could, by unusual caution and skill, escape injury, it would not relieve the defendant here, if, after taking such precaution, he was injured." (6th, 7th, 8th and 10th assignments of error.)

BIDDLE, J., charged the jury, inter alia, as follows:

"A man who engages to perform certain services for money, takes upon himself the risks incident to the performance of those services, subject to this qualification, viz.: But if the master increases those risks beyond the natural risks of the employment, the servant does not, as an implied part of his contract, take those risks. * * * The defendant had no right to expose the plaintiff to danger from a horse which it knew to be dangerous and vicious.

"[If, then, the evidence satisfies you that this horse was dangerous and vicious, and that this fact was made known to the stable boss and the superintendent, it would be negligence on the part of the company to subject persons in their employ to such risks. That was not one of the ordinary risks of their employment.]

"[If, in this case, the plaintiff knew that the mare was so dangerous, that she could not safely be cleaned without having her leg tied up, and he recklessly attempted to do so without tying her up as he was accustomed to do, that would constitute contributory negligence, and he cannot recover.]"

Verdict and judgment for the plaintiff for $625. The defendant took this writ of error, assigning for error, inter alia, the admission of the evidence objected to, the answers to the above points, and the portions of the charge enclosed in brackets.

*Henry Budd, Jr.* (with whom was *George W. Thorn*), for the plaintiff in error.—The danger of being kicked by a horse is an ordinary risk, incident to the business of a groom. Even regarding it in this case as an extraordinary risk, Bresmer had become fully aware of it, and by remaining in the defendant's employ, without complaint or notice, he voluntarily assumed it and should not have been allowed to recover: Whart. Neg., sect. 199; 1 Add. on Torts § 569; Wood, Master and Servant, 793; Dynen *v.* Leach, 40 Eng. L. & E. Rep. 491; Frazier *v.* Pennsylvania Railroad Co.

[Green & Coates St. Pass. Railway Co. *v.* Bresmer.]

2 Wright 104; Mansfield Coal and Coke Co. *v.* McEnery, 10 Norris 185. Moreover, in this case, the plaintiff was guilty of contributory negligence, in omitting the means of protection against the mare's kicking, by tying up her front leg, which he was always in the habit of doing while grooming her. The judge erred in charging, that if the plaintiff "*recklessly*" attempted to groom her without using this precaution, he could not recover, thus leaving the jury too great latitude.

*Gustavus Remak*, for the defendant in error, presented no paperbook and made no argument.

Mr. Justice MERCUR delivered the opinion of the court, May 2d 1881.

This action was to recover damages for injuries which the defendant in error suffered by the kick of a horse, owned by the company. He was in the employment of the latter as an hostler. As such, he had charge of several horses, including the one which injured him.

A master does not warrant his servant's safety. He, however, is under an implied contract with those whom he employs, to adopt and maintain suitable instruments and means with which to carry on the business in which they are employed. This includes an obligation to provide a suitable place in which the servant, being himself in the exercise of due care, can perform his duties safely or without exposure to dangers that do not come within the reasonable scope of his employment: Cayzer *v.* Taylor, 10 Gray 274; Seaver *v.* Boston and Maine Railroad Co., 14 Id. 466; Gilman *v.* Eastern Railroad Co., 10 Allen 233; Coombs *v.* New Bedford Cordage Co., 102 Mass. 572. A servant, however, assumes the risk naturally and reasonably incident to his employment. He is not bound to risk his safety in the service of his master, and may, if he thinks fit, decline any service in which he reasonably apprehends injury to himself: Hayden *v.* Smithville Manufacturing Co., 29 Conn. 548; Mad River & Lake Erie R. R. Co. *v.* Barber, 5 Ohio St. 541; Whart. on Neg., sect. 217. Inasmuch as the relation of master and servant cannot imply an obligation on the part of the master, to take more care of the servant than he may reasonably be expected to take of himself, he cannot complain if he is injured by exposure, after having the opportunity of becoming acquainted with the risks of his employment, and accepts them : Id. sects. 214 and 217 ; 1 Add. on Torts, sect. 255.

The undoubted evidence in this case shows the defendant in error had full knowledge of the vicious habits of the mare which kicked him. She had kicked others, and her reputation was well known to the persons employed in the stables, and they were warned to guard against being injured by her.

[Green & Coates St. Pass. Railway Co. v. Bresmer.]

The defendant in error testified, that she had kicked him before, yet he swears, "I never complained or asked to have my stock changed;" and still further, "I always strapped up the front leg, but on that morning, I could not find my strap." Thus, he not only had full knowledge of her practice, and of the risk and danger he incurred when grooming her, yet he made no complaint, and was accustomed to protect himself by so securing a front leg as to prevent her kicking.

No duty was imposed on the company to inform him of what he so well knew, nor to forbid his grooming the mare. He voluntarily assumed the risk, and continued to expose himself to a well-known danger. He cannot now cast on his employer a liability for the injury which he thereby suffered. It matters not that the master did know the vicious habits of the mare. It is the knowledge of the servant which withholds from him a right of action: Haskin *v.* New York Central Railroad Co., 65 Barb. 129; Frazier *v.* Pennsylvania Railroad Co., 2 Wright 104.

It follows, the learned judge erred in not affirming the points covered by the fifth, sixth, seventh, eighth and tenth assignments. We discover no error in the eleventh and twelfth assignments. In so far as the remaining assignments are in conflict with this opinion, they are sustained.

Judgment reversed.