# William Hawk, Plff. in Err., v. Pennsylvania Railroad Company.

A freight brakeman on a train drawn by two engines takes the risk of the increased strain put upon the couplings, and cannot recover for injuries resulting from the parting of the train.

The fact that on other divisions of the same road where the grades are not so steep a pushing engine and stronger couplings are used is, in an action against the railroad company for injuries resulting from the parting of the train, irrelevant.

Where the proximate cause of the parting of a train is the breaking of the couplings, and the application of all the brakes but two, which are out of order, fails to stop the detached section, *non sequitur* that if the two brakes had been in good order the section would have stopped, or that the failure of the railroad company to have the brakes in good order renders it liable for injuries resulting from the collision of the detached section with the rest of the train.

Testimony as to the reckless character of an engineer is inadmissible, unless accompanied by proof that his character was known or might with reasonable care have been known to the railroad company, or that he was negligent on the occasion in question.

(Argued May 26, 1887.    Decided October 3, 1887.)

January Term, 1887, No. 322, E. D., before GORDON, TRUNKEY, STERRETT, GREEN, and CLARK, JJ.   Error to the Common Pleas of Mifflin County to review a judgment of compulsory nonsuit in an action of trespass on the case.    Affirmed.

At the trial before BOUCHER, P. J., the following facts appeared:

William Hawk, the plaintiff below and in error, was on October 19, 1882, a freight brakeman in the defendant's employ on the Sunbury & Lewistown Division.   He had been a freight brakeman for about fourteen months and during that time had

NOTE.—For the standard of safety of appliances required, see note to Drew v. Gaylord Coal Co. 2 Sad. Rep. 340.   For the responsibility for acts of fellow servants, see note to Keys v. Pennsylvania Co. 1 Sad. Rep. 316.

For authorities bearing on the duty of master with respect to the employment of competent servants, see editorial note to Smith v. St. Louis & S. F. R. Co. 48 L. R. A. 368.   See also editorial note to Kingston v. Ft. Wayne & E. R. Co. 40 L. R. A. 146, presenting the authorities as to his liability for employing a drunkard.

also served on the Huntingdon & Broadtop Railroad and on the Mountain Division of the defendant's main line.   On October 19, after dark, the train of thirty-five cars on which he was employed was, with two engines pulling it, beginning to descend a long and steep grade, when it broke into three or four pieces. He was left alone on the third or fourth piece which consisted of several cars.   After notifying the engineers of the break, by means of his lantern, he went over all the cars twice and applied all the brakes but two, which would not work.   The brakes did not stop the cars and at the bottom of the grade there was a collision with the fore part of the train, and the plaintiff was so injured that his leg had to be amputated.   He brought this action to recover damages for the injury.

The plaintiff offered to prove that the grades on this division were heavier than on the main line, and that therefore stronger couplings were necessary, but that in fact no stronger couplings were used.   Objection sustained.   (First and second assignments of error.)

The plaintiff then offered to prove that on the main line the defendant employed an engine to push behind, for the purpose of reducing the strain on the couplings on grades, to be followed by proof that the grades on this division were steeper than on the main line.   Objection sustained.   (Third and fourth assignment of error.)

The plaintiff also offered to prove that Edward Walter, one of the engineers of the train on which the plaintiff was injured, was reckless and careless and so known among railroad men— this for the purpose of establishing his character as an unfit person to be employed, and his general reputation as such that the defendant could have known his character by inquiry.   Objection, on the ground that notice had not been brought home to the defendant and that there was no evidence of the engineer's negligence in this case, sustained.   (Fifth assignment of error.)

The court entered a compulsory nonsuit, and upon refusing to take it off (sixth assignment of error), delivered the following opinion:

In this case the plaintiff, an employee of the defendant company, was injured by the parting of a train on the Lewistown & Sunbury division of the defendant's road on the 19th of October, 1882.   The accident happened on a considerable grade, de-

scending from north of Lewistown past the poor house to the
long trestle work near the Lewistown station. It occurred be-
tween 6 and 7 o'clock in the evening. Plaintiff alleges that,
although a brakeman on the train, the company is liable:

First, because the train was double headed, *i. e.,* had two en-
gines at the head of the train, instead of one at each end thereof,
one pulling and one pushing; that by putting both at the head,
and thus throwing the whole strain on the couplings, the defend-
ant was guilty of negligence. It is a complete answer to this
to say that it has been repeatedly held that the master may con
duct his business in his own way; that the plaintiff took service
with a company which resorted to this method of double head-
ing. He should have declined entering upon or abandoned the
service after entering upon the same, when he discovered the
company's method of propelling trains in this way by means of
double heading. All evidence as to the methods of the defend-
ant company in using two engines in drawing the same train on
other roads of the same company were, for the reasons given, if
none other, properly rejected. Naylor v. Chicago & N. W. R.
Co. 53 Wis. 661, 11 N. W. 24; Ladd v. New Bedford R. Co.
119 Mass. 412, 20 Am. Rep. 331; Clark v. St. Paul & S. C. R.
Co. 28 Minn. 128, 9 N. W. 581; Fleming v. St. Paul & D. R.
Co. 27 Minn. 111, 6 N. W. 448; Gibson v. Erie R. Co. 63 N.
Y. 449, 20 Am. Rep. 552; Dillon v. Union P. R. Co. 3 Dill.
320, Fed. Cas. No. 3,916; Illinois C. R. Co. v. Welch, 52 Ill.
183, 4 Am. Rep. 593; Devitt v. Pacific R. Co. 50 Mo. 302;
Kelley v. Chicago, M. & St. P. R. Co. 53 Wis. 74, 9 N. W.
816; Frazier v. Pennsylvania R. Co. 38 Pa. 104, 80 Am. Dec.
467.

Second, plaintiff alleges negligence on the part of defendant
because out of many brakes he discovered two not in working
condition, the one with what he supposes was a chain too long
and the other with a dog or ratchet which failed to act. The
plaintiff offered no evidence to show that it was known to the
company that these two brakes were out of order, nor when they
became so. For aught that appears, their condition may have
been the result of the trip then making; and besides the com-
pany could not be charged with negligence as between it and its
employees, upon the proof that two brakes out of thirty would
not act. No such doctrine has been announced by any case
within our knowledge; and it should not be, as it would hold

companies to a rule of responsibility which would be unreasonable and impossible of compliance. Who could say, when the brakes of five cars which did act failed to arrest the section on the down grade, that the two which did not act would, if added, have done so. This would be the merest guess as to their effect. It could not with certainty be said that these two non-acting brakes were the proximate cause of the accident, or even contributed thereto. The proximate cause was the breaking of the couplings, and whether the nonacting brakes would have prevented the collision if they had acted cannot possibly be known. There is but little authority on the duty of railway companies to have effective brakes, the cases generally arising out of isolated cars with defective brakes, as in North Pennsylvania R. Co. v. Kirk, 90 Pa. 15, where a lumber car was left standing on a siding leading into plaintiff's warehouse, and was left standing there beyond the time required for its removal by the rules of the company. It had a defective brake and was not blocked; so that when a number of cars from a freight train were started from main track on to the siding they struck this lumber car and forced it into the warehouse, by demolishing warehouse doors, and killed plaintiff's son, who was inside the warehouse. There was evidence that the nearest (front) car running into the siding had a defective brake.

The question of negligence (I take it, as to the effective blocking of the car on the siding, and its being left there against the rules of the company) went to the jury, as also the question as to the brake on the front car of the section colliding. But it will be observed that leaving a single car on a siding with a defective brake and unblocked, and permitting a section of a train to run on the siding with a bad brake on the front car,—and as I understand it there was negligence in reference to the switch itself,—is a very different question than the one in hand, where in a train of some thirty to thirty-five cars two brakes, when applied, were ineffective, without proof that the company knew, and without evidence to show, that the running of the train had not damaged the brakes in the very trip then making. Thus, there was nothing to submit to the jury in the matter of the brakes. Then as to the couplings giving way; the principle that the master may conduct his business to suit his own views applies to couplings just as to double heading the trains. Couplings give way from causes impossible of detection in advance

of the occurrence, such as flaws, bad welds, etc. The offer to show that on the main line the company used different couplings was rightly rejected; because if admitted, then if a similar accident happened on the main line, it would be competent for plaintiff to show the different couplings used on the Sunbury & Lewistown Road, and thus each could be used to condemn the other. There was no evidence whatever to show that the broken coupling was defective, unless, indeed, it is to be inferred and assumed that it was so from the mere fact that it broke. This of itself would not constitute negligence and make the defendant liable to an employee who followed his business from fifteen to seventeen months and was familiar with the coupling used on the particular train.

As to the offer to show Engineer Walters reckless by reputation, in the absence of any proof of improper or reckless conduct in the particular case and accident; it is sufficient to refer to what the court has said when rejecting the several offers of plaintiff.

We decline, therefore, to take off the nonsuit.

*Porter & McKee,* for plaintiff in error.—It is the duty of the master to select competent servants and to provide safe implements and machinery for the use of his servants. The risk of service that the servant takes supposes that the master has secured proper servants and machinery for the conduct of the work. The duty to use reasonable care in performing those acts always remains the duty of the master. Frazier v. Pennsylvania R. Co. 38 Pa. 104, 80 Am. Dec. 467; Booth v. Boston & A. R. Co. 73 N. Y. 38, 29 Am. Rep. 97; Blake v. Maine C. R. Co. 70 Me. 60, 35 Am. Rep. 297; Ardesco Oil Co. v. Gilson, 63 Pa. 146; Mullan v. Philadelphia & S. Mail S. S. Co. 78 Pa. 25, 21 Am. Rep. 2; Wood, Master & S. 376.

The increased burden required of the couplings, links and pins on this train should have been provided for by the company. The grades on this road are more than ordinarily heavy; the train was more than an ordinary train, requiring two engines to haul it, and required more than ordinary couplings, links, and pins under the circumstances.

For not furnishing them the defendant was guilty of negligence. Gottlieb v. New York, L. E. & W. R. Co. 100 N. Y. 462, 3 N. E. 344.

The custom of the company in supplying a pusher when heavy

trains are being hauled on heavy grades, to relieve the strain on the couplings, links, and pins, should have been admitted in evidence to show that the defendant did recognize the fact that on heavy grades the ordinary couplings, links, and pins are insufficient; and the duty of the company was to supply sufficient appliances for the purpose under similar circumstances on this road, and it was guilty of negligence in not doing so.    Green & C. Street Pass. R. Co. v. Bresmer, 97 Pa. 103.

The defects in the brakes were not patent defects that the plaintiff could have seen at a glance, but were nevertheless such as the yard inspector could know by a personal inspection.    No inspection was made.    For this reason the case should have gone to the jury on the question of negligence in making up the train. Gottlieb v. New York, L. E. & W. R. Co. 100 N. Y. 462, 3 N. E. 344; Rummell v. Dilworth, P. & Co. 111 Pa. 343, 2 Atl. 355, 363; Noyes v. Smith, 28 Vt. 59, 65 Am. Dec. 222; Jones v. New York C. & H. R. R. Co. 92 N. Y. 628.

Plaintiff assumed only patent risks naturally and reasonably incident to his employment.    Philadelphia, W. & B. R. Co. v. Keenan, 103 Po. 124.

*George W. Elder* and *Rufus C. Elder,* for defendant in error.—If a person in the employment of a railroad company discovers that the appliances with which he is working are or have become, through use, unsafe, and continues without any special order of the company, and without making any complaint, to use the said appliances, he will be held to have either run the risk of being injured or to have been guilty of contributory negligence; and hence in case of injury to him occasioned by such defect the company will not be liable.    And this is true even though the defect be such a one as under ordinary circumstances the company would be bound to repair.    Ballou v. Chicago, M. & St. P. R. Co. 54 Wis. 257, 41 Am. Rep. 31, 11 N. W. 559; Brossman v. Lehigh Valley R. Co. 113 Pa. 490, 57 Am. Rep. 479, 6 Atl. 226; Wharton, Neg. § 214; Philadelphia & R. R. Co. v. Schertle, 97 Pa. 450.

Negligence is to be found upon evidence and is not to be presumed from the bare fact of the occurrence of the accident. Gramlich v. Wurst, 86 Pa. 78, 27 Am. Rep. 684; Philadelphia & R. R. Co. v. Boyer, 97 Pa. 91.

Presumption is against the company in case of a passenger,

and against the employee if he is hired by the company and is in the course of his regular employment and engagment at the time.   Weger v. Pennsylvania R. Co. 55 Pa. 461.

An employer is not bound to furnish for his workmen the safest machinery, nor to provide the best methods for its operation, in order to save himself from responsibility for accidents resulting from its use.   If the machinery be of an ordinary character and such as can, with reasonable care, be used without danger to the employee, it is all that can be required from the employer; this is the limit of his responsibility and the sum total of his duty.   Payne v. Reese, 100 Pa. 306; Pittsburgh & C. R. Co. v. Sentmeyer, 92 Pa. 280, 37 Am. Rep. 684; Shaffer v. Haish, 110 Pa. 575, 1 Atl. 575.

It is not negligence in the master if the tool or machine breaks, whether from an internal original fault, not apparent when the tool or machine was at first provided, or from an external apparent one produced by time and use, not brought to the master's knowledge.   These are the ordinary risks of the employment, which the servant takes upon himself.   Baker v. Allegheny Valley R. Co. 95 Pa. 215, 40 Am. Rep. 634; Ryan v. Cumberland Valley R. Co. 23 Pa. 384.

Now, if these couplings were defective, then it was either from an internal original fault, not apparent when the links or pins were provided, or from an external apparent one, produced by time and not brought to the notice of the company; and in either case defendant is not responsible.   The two defective brakes were not the proximate cause of this accident.

The duty of inspection owed by defendant to plaintiff was fulfilled by the employment of competent and careful inspectors. Little Miami R. Co. v. Fitzpatrick, 42 Ohio St. 318; Mackin v. Boston & A. R. 135 Mass. 201, 46 Am. Rep. 456; Wonder v. Baltimore & O. R. Co. 32 Md. 418, 3 Am. Rep. 143; Mansfield Coal & Coke Co. v. McEnery, 91 Pa. 191, 36 Am. Rep. 662.

Two brakes defective out of seventy on this train, one of them with a defective dog or ratchet (which may have become so on this trip), does not warrant the conclusion that the train was not inspected, as plaintiff's counsel insist.   In addition plaintiff knew, or should have known, that it was the duty of his conductor to inspect the brakes and couplings, and therefore negligence for these defects, if any there were, in the couplings, was

to be attributed either to the car inspectors or the conductor; and in either event these men were fellow employees, for whose negligent acts defendant was not responsible. Such is the law as to a conductor and laborer on gravel train. Ryan v. Cumberland Valley R. Co. 23 Pa. 384 (brakeman and car repairer); Campbell v. Pennsylvania R. Co. 1 Sad. Rep. 299 (employee in the shop and brakemen); New York, L. E. & W. R. Co. v. Bell, 112 Pa. 403, 4 Atl. 50.

In Gottlieb v. New York, L. E. & W. R. Co. 100 N. Y. 462, 3 N. E. 344, the employer held responsible for the result of the inspection as well as the employment of competent inspectors.

We know of no Pennsylvania cases holding that doctrine.

The plaintiff's handling of these brakes was so hastily and imperfectly done that it was of no effect. One half of these brakes properly applied would have brought these cars to a standstill.

Again; just before the collision occurred plaintiff passed to the front end of the section, to the very point where the danger was most imminent and injury to himself inevitable; therefore, he cannot recover damages for the injury sustained. Lehigh Valley R. Co. v. Greiner, 113 Pa. 600, 6 Atl. 246; Brossman v. Lehigh Valley R. Co. 113 Pa. 491, 57 Am. Rep. 479, 6 Atl. 226.

The court below, under all the circumstances, decided that there was no negligence proven on the part of Walters. Unless some act of his contributed to the accident it mattered not what his habits were. Huntingdon & B. T. Mountain R. & Coal Co. v. Decker, 82 Pa. 124.

Character for care, skill, etc., although growing out of the special acts of a party, cannot be established by proof of such acts, but by evidence of general reputation. Frazier v. Pennsylvania R. Co. 38 Pa. 104, 80 Am. Dec. 467.

Where there is no evidence of the knowledge of the company of the want of capacity in a fellow servant, in an action against the company it is error to submit the question of knowledge to the jury. Keystone Bridge Co. v. Newberry, 96 Pa. 246.

If plaintiff's case fails to show the omission of any duty incumbent on defendant, a nonsuit will be entered. Jennings v. Pennsylvania R. Co. 93 Pa. 337; Baker v. Fehr, 97 Pa. 70; Philadelphia & R. R. Co. v. Schertle, 97 Pa. 450.

A mere scintilla of evidence of a material fact does not justify

a judge in leaving it to the jury. Reinhart v. South Easton, 2 Sad. Rep. 90; Philadelphia & R. R. Co. v. Yerger, 73 Pa. 121.

PER CURIAM:

After a careful examination of this case, we have failed to discover any evidence tending to show such negligence on part of the defendant or its employees as would render it liable for the plaintiff's injuries; we must, therefore, concur with the court below in its rulings.

The judgment is affirmed.