## Repyneck, Appellant, v. Tarantino.

Argued April 28, 1964. Before BELL, C. J., JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*Morris Mindlin,* with him *Mindlin, Sigmon, Briody & Littner,* for appellant.

*Norman Seidel,* with him *David B. Skillman,* for appellee.

OPINION BY MR. CHIEF JUSTICE BELL, July 1, 1964:

This is an appeal by plaintiff from a judgment of nonsuit entered in favor of each of the defendants.

Plaintiff was an employee of Posh Construction, Inc., which had entered into a contract with Tarantino to move a cemetery monument to his property. Plaintiff suffered serious injuries when, in the course of his employment, he touched the cab of a large power crane, whose boom had come in contact with overhead high voltage electrical wires. Plaintiff brought suit against (1) Engler, who was his fellow employee and the operator of the crane, and (2) Posh, as a supervisory employee of their common employer, Posh Construction, Inc., and (3) Tarantino, the owner of the real estate—alleging negligence on the part of each defendant. Plaintiff did not sue Posh Construction Company because he was covered by Workmen's Compensation.

In *Markle v. Robert Hall Clothes,* 411 Pa. 282, 191 A. 2d 374, the Court, quoting from *Flagiello v. Crilly,* 409 Pa. 389, 187 A. 2d 289, said (page 284): " 'It is hornbook law that a judgment of nonsuit can be entered only in clear cases and plaintiff must be given

the benefit of all evidence favorable to him, together with all reasonable inferences of fact arising therefrom, and any conflict in the evidence must be resolved in his favor: Castelli v. Pittsburgh Railways Company, 402 Pa. 135, 165 A. 2d 632; Stimac v. Barkey, 405 Pa. 253, 174 A. 2d 868; Borzik v. Miller, 399 Pa. 293, 159 A. 2d 741.

" 'The law is likewise clear that the plaintiff has the burden of proving by a fair preponderance of the evidence that defendant was negligent and that his negligence was the *proximate* cause of the accident: Stimac v. Barkey, 405 Pa., supra; Schofield v. King, 388 Pa. 132, 130 A. 2d 93.' "

A review of the record with these principles in mind convinces us that the lower Court correctly reached the following conclusions:

(1) With respect to Engler, (a) plaintiff's evidence disclosed that both he and Engler were, and for years had been, fully cognizant of the hazards of operating a crane in close proximity to these high voltage electric wires; and (b) the evidence clearly showed contributory negligence on the part of the plaintiff.

(2) With respect to plaintiff's claim against Posh, based on Posh's alleged negligence in retaining Engler, the nonsuit was proper because (a) plaintiff offered no evidence of reputation of Engler's incompetence or negligence, and plaintiff's statements to Posh regarding Engler's recklessness were legally insufficient to constitute knowledge of incompetence and duty to discharge Engler: *Snodgrass v. Carnegie Steel Co.,* 173 Pa. 228, 33 A. 1104. Cf. *Rosenstiel v. Pittsburgh Railways,* 230 Pa. 273, 79 A. 556; and

(b) There is no evidence that Posh's warnings and safety instructions to Engler were inadequate or incomplete, or even necessary: Cf. *Faulks v. Fischer,* 349 Pa. 485 (1944), 37 A. 2d 574; *Rice v. Kring,* 310 Pa. 550 (1933), 165 A. 833; and

(c) Plaintiff consciously and intentionally assumed the risk of Engler's alleged carelessness and recklessness when he continued to work with Engler: *Hawk v. Pennsylvania Railroad Company*, 7 Sad. 212, 11 A. 459; *Green and Coates Street Passenger Railway Company v. Bresmer*, 97 Pa. 103; *Frazier v. Pennsylvania Railroad Company*, 38 Pa. 104.

(3) With respect to Tarantino, there is no duty incumbent on a landowner to warn business invitees of a danger which was at least as obvious to them as it was to him: *Novak v. Neff*, 399 Pa. 193, 159 A. 2d 707; *Kopp v. R. S. Noonan*, 385 Pa. 460, 123 A. 2d 429; *Ambrose v. Moffat Coal Co.*, 358 Pa. 465, 58 A. 2d 20; *Faulks v. Fischer*, 349 Pa., supra.

Judgment affirmed.

Mr. Justice EAGEN concurs in the result.