## Cheyney v. Pepple

*Lawrence E. Wood,* for plaintiff.
*Richard Reifsnyder,* for defendants.

KURTZ, J., July 30, 1970.—Just prior to his injury, plaintiff, who was the operator of a milk truck which picked up bulk milk from defendants' farm, was standing on an aluminum ladder which was leaning against the end of the stainless steel milk tank in defendants' milk room. He was then attempting to cleanse the inside of the tank by directing a stream of water from a hose in his hands through the manhole opening in the top of it. As to this operation, he said when testifying: ". . . to make a stream of water reach the far end,

you would have to more or less lean back a little and reach down with a hose to make this stream of water to reach the farthest part."

When asked what happened in connection with his injury he said:

"At that point I don't really know. The ladder slipped sidewise, not from the bottom. As near as I can tell, just flipped and, of course, the ladder and I both dropped to the floor. Didn't hit anything on the way down. Just plopped to the floor."

Upon the trial of his personal injury action and after hearing the testimony quoted above, a compulsory nonsuit was entered. We must now consider plaintiff's motion to remove that nonsuit.

In O'Neill v. Batchelor Brothers, Inc. Funeral Homes, 421 Pa. 413, 415 (1966), the Supreme Court said:

"The burden was upon the plaintiffs to prove facts legally sufficient to support a cause of action. This required proof of: (1) breach of duty owed to them; (2) legal injury; and, (3) legal causation between the breach of duty, that is, negligence and the injury. . ." In Repyneck v. Tarantino, 415 Pa. 92, 95 (1964) it was said: ". . . there is no duty incumbent on a landowner to warn business invitees of a danger which was at least as obvious to them as it was to him [Citing cases]:"

This plaintiff was a business invitee. The danger created by the placement of an aluminum ladder against a stainless steel tank, if that is the danger of which plaintiff here complains, was just as obvious to him as it was to defendants. Indeed, this was the tenth or twelfth time he had performed the same task. Plaintiff failed to show a breach of duty which defendants owed to him. Having failed in that requirement, he cannot now recover at their hands. Obviously, then, the nonsuit must not be taken off. His motion is refused.