J-S49017-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| ANDRE ABNEY | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| AMERICAN EXPO CORP D/B/A GREATER PHILADELPHIA EXPO CENTER AND GREATER PHILADELPHIA EXPO CENTER AND SUBURBAN INVESTMENT CORP. AND LEN SAMMONS PRODUCTIONS, INC. | |
| Appellees | No. 1360 EDA 2019 |

Appeal from the Order Dated February 14, 2019
In the Court of Common Pleas of Montgomery County
Civil Division at No: 2017-18649

BEFORE:  BENDER, P.J.E., STABILE, J. and STEVENS, P.J.E.*

MEMORANDUM BY STABILE, J.:                    **FILED NOVEMBER 25, 2019**

Appellant, Andre Abney, appeals from the February 14, 2019 order of the Court of Common Pleas of Montgomery County, granting summary judgment in this premises liability action in favor of Suburban Management Company, Inc. ("Suburban").[1]  The trial court previously granted summary judgment in favor of Suburban's co-defendants, American Expo Corp d/b/a

_____

* Former Justice specially assigned to the Superior Court.

[1] While not relevant to our disposition, we note for the sake of accuracy that Suburban Management Company, Inc. was incorrectly identified in the pleadings as Suburban Investment Corp.

Greater Philadelphia Expo Center ("American Expo") and Len Sammons Productions, Inc. ("Sammons") (all collectively "Appellees"). *See* Trial Court Order, 11/9/18. Appellant claims the trial court abused its discretion and committed error of law by granting summary judgment in light of the existence of genuine issues of material fact. Following review, we affirm.

In its Rule 1925(a) opinion, the trial court explained:

American Expo is the lessee and operator of the Greater Philadelphia Expo Center. Sammons contracted with American Expo to conduct a motorsports show at the Expo Center. Sammons, in turn, contracted with non-party Reber-Friel to perform services for the show, including the assembly of trade booths. [Appellant] was an employee of Reber-Friel.

During the course of his work, [Appellant] was loading equipment located in a trailer owned by Reber-Friel. The trailer was docked at a roll-up door in the wall of the Expo Center, akin to a loading dock, so that the trailer could be entered from inside the building. [Appellant] saw that the interior of the trailer had no lighting of its own and was dark. He nevertheless entered the trailer and tripped over a dolly, sustaining injuries. He brought this action for negligence against [Appellees], claiming that they should have acted to light the interior of the trailer, such as by wall lights that could be maneuvered to shine into the trailer.

At his deposition, [Appellant] testified to the condition of the trailer as follows:

· There were no lights in the interior of the trailer. (Abney Dep., at 66-67.

· [Appellant] could not see inside the trailer when he entered it. (Abney Dep., at 40, 42, 45).

· Once he entered the trailer, he was "totally blind." (Abney Dep., at 48.)

· [Appellant] was five to seven feet inside the trailer when he tripped and fell. (Abney Dep., at 52.)

- 2 -

> • The Expo Center itself was sufficiently lighted so that [Appellant] could get to the entrance to the trailer without a problem. It was only when he entered the trailer that it was too dark for him to see. (Abney Dep., at 47-48, 62.)

Trial Court Opinion, 2/22/19, at 1-2 (footnotes omitted).

American Expo and Sammons filed motions for summary judgment. The trial court heard argument on November 2, 2018 and granted the motions by order entered November 9, 2018. Appellant filed an appeal to this Court. We quashed the appeal in light of the fact the November 9, 2018 order did not dispose of claims against Suburban. Suburban subsequently filed a motion for summary judgment. By order entered February 14, 2019, the trial court entered an order granting the motion. This timely appeal followed. Both Appellant and the trial court complied with Pa.R.A.P. 1925.

Appellant presents three identical issues for this Court's consideration, each of which claims the trial court "abused its discretion and erred as a matter of law" in granting summary judgment in favor of American Expo, Sammons and Suburban, respectively, "despite the presentation of record evidence establishing that genuine issues of any material fact in dispute exist in this case." Appellant's Brief at 5. With respect to American Expo and Sammons, Appellant sets forth two identical sub-issues, arguing the existence of material fact as to whether either Appellee was in possession of the site of Appellant's fall and questioning whether Appellant's "mere general awareness of 'darkness' in the subject trailer is insufficient to show that he subjectively

appreciated the specific risk of tripping over the subject dolly and fracturing his arm." Appellant's Brief at ii. With respect to Suburban, Appellant presents two sub-issues. Appellant first argues the existence of a material fact as to the scope of Suburban's "duty with respect to the dangerous condition that it created," and also suggests Suburban is not entitled to summary judgment under the doctrine of *stare decisis*." ***Id.*** at iii.

As this Court explained in ***Charlie v. Erie Ins. Exchange***, 100 A.3d 244 (Pa. Super. 2014):

> The standard and scope of review for summary judgment is well-established:
>
>> Pennsylvania law provides that summary judgment may be granted only in those cases in which the record clearly shows that no genuine issues of material fact exist and that the moving party is entitled to judgment as a matter of law. The moving party has the burden of proving that no genuine issues of material fact exist. In determining whether to grant summary judgment, the trial court must view the record in the light most favorable to the non-moving party and must resolve all doubts as to the existence of a genuine issue of material fact against the moving party. Thus, summary judgment is proper only when the uncontr[o]verted allegations in the pleadings, depositions, answers to interrogatories, admissions of record, and submitted affidavits demonstrate that no genuine issue of material fact exists, and that the moving party is entitled to judgment as a matter of law. In sum, only when the facts are so clear that reasonable minds cannot differ, may a trial court properly enter summary judgment. . . . With regard to questions of law, an appellate court's scope of review is plenary. The Superior Court will reverse a grant of summary judgment only if the trial court has committed an error of law or abused its discretion.

*Id.* at 250 (quoting *Gutteridge v. A.P. Green Servs. Inc.*, 804 A.3d 643, 651 (Pa. Super. 2002)). Further, "[t]he determination [of] whether to impose affirmative common-law duties as a predicate to civil liability is a matter of law; accordingly, our review is plenary." *Id.* (citing *Seebold v. Prison Health Servs., Inc.*, 557 A.2d 1232, 1243 (Pa. 2012)).

As noted above, Appellant argues the existence of material facts regarding whether American Expo and/or Sammons were in possession of the site where Appellant fell. In response, American Expo asserts, *inter alia*, that Appellant's employer maintained exclusive right of control over the trailer in which Appellant fell, American Expo's Brief at 19, while Sammons contends Appellant cannot succeed in his attempt to create a duty for an injury simply because his employer's tractor-trailer was located in the loading dock area. Sammons' Brief at 5.

As the trial court explained, American Expo, as operator of the Philadelphia Expo Center, contracted with Sammons to conduct a motorsports show at the Expo Center and Sammons, in turn, contracted with Appellant's employer, Reber-Friel, to perform services for the show. Trial Court Opinion, 2/22/19, at 1. As such, Reber-Friel was performing its services as an independent contractor. We first examine whether either Appellee owed any duty to Appellant as an employee of an independent contractor.

The parties here agree that Appellant was a business invitee at the time of his injury. In *Gutteridge*, we recognized:

- 5 -

The duty of care owed to a business invitee (or business visitor) is the highest duty owed to any entrant upon land. The landowner must protect an invitee not only against known dangers, but also against those which might be discovered with reasonable care. Our case law sets forth the duty that a possessor of land owes to business invitees as follows:

A possessor of land is subject to liability for physical harm caused to his invitees by a condition on the land if, but only if, he

(a) knows or by the exercise of reasonable care would discover the condition, and should realize that it involves an unreasonable risk of harm to such invitees, and

(b) should expect that they will not discover or realize the danger, or will fail to protect themselves against it, and

(c) fails to exercise reasonable care to protect them against the danger.

*Summers v. Giant Food Stores, Inc.*, 743 A.2d 498, 506 (Pa. Super. 1999) (*en banc*), *appeal denied,* 564 Pa. 713, 764 A.2d 1071 (2001).

*Gutteridge*, 804 A.2d at 656 (citations omitted).

In this instance, Appellant was a business invitee. However, as he acknowledges, he was in the course of his employment with Reber-Friel at the time of his injury. In *Gutteridge*, we explained:

[A] landowner acting solely in its capacity as landowner, "owes a duty to warn an unknowing independent contractor of existing dangerous conditions on the landowner's premises where such conditions are known or discoverable to the owner." *Colloi v. Philadelphia Electric Co.*, 332 Pa. Super. 284, 481 A.2d 616, 619 (1984). The landowner's "duty to warn is owed irrespective of whether the independent contractor exercises full control over the work and premises entrusted to him." *Id.* at 619–20. However, an owner of land who delivers temporary possession of a portion of the land to an independent contractor owes no duty to the employees of the independent contractor *with respect to an*

- 6 -

> *obviously dangerous condition* on that portion of the land in the possession of the contractor. ***Id.*** at 620. Furthermore, the employer of an independent contractor has no duty to warn either the contractor or his employees of a condition that is *at least as obvious* to them as it is to him. ***Colloi***, 481 A.2d at 620. The question of whether a landowner owes a duty to warn an independent contractor of dangerous conditions on the premises turns on whether the owner possesses "superior knowledge" or information which places him in a better position to appreciate the risk posed to the contractor or his employees by the dangerous conditions. ***Id.***

***Id.*** at 657-58 (emphasis added).

Although Appellant's amended complaint includes numerous allegations of negligence against each Appellee, the gist of his complaint is that Appellees were negligent for "allowing insufficient lighting conditions to exist at the Expo Center." Appellant's Amended Complaint at ¶¶ 15(a), 26(a), 37(a), and 48(a). In his deposition, Appellant testified that he fell in his employer's tractor-trailer in the afternoon of January 21, 2016. Abney Deposition, 4/10/18, at 16-17, 25-26. During that morning, Appellant had unloaded items from that tractor-trailer using a forklift with a light on it. ***Id.*** at 21. After unloading the trailer, there were no dollies inside the trailer. ***Id.*** at 31-32. In the afternoon, when it was time to load items back into the trailer, Appellant entered the unlit trailer to see what was on the trailer and how much room there was. ***Id.*** at 38, 43. Even though he was unable to see inside the tractor-trailer, Appellant walked four or five feet while "totally blind" and tripped over

a dolly that he was unable to see. *Id.* at 38-43, 48.[2] Although Appellant had a cell phone with a flashlight in his pocket, he did not use the flashlight. *Id.* at 64-65.

> Here, the trial court determined:
>
> [Appellant's] deposition testimony establishes that he was fully aware of the dark, unlighted condition of the trailer, which was "at least as obvious" to [Appellant] as it was to [Appellees]. The record cannot support any finding that [Appellees] possessed "superior knowledge" of the condition of the trailer that was not apparent to [Appellant]. Under the authority of *Gutteridge* and *Colloi*, [Appellees] owed no duty to [Appellant] arising from the dark condition of the trailer.
>
> [Appellant] counters by relying on his testimony that other exposition centers where he has worked provide wall-mounted lights that can illuminate the interior of a trailer, and he argues that this testimony raises a genuine dispute as to the standard of care in the industry. (Abney Dep., at 16, 84-85.) The problem with this argument is that before [Appellees] can be held to any standard of care, they must be shown to have a *duty* of care to [Appellant]. Because [Appellees] did not have any duty to [Appellant] arising from the dark condition of the trailer, they could not have breached any such duty. *See T.A. v. Allen*, 669 A.2d 360, 362 (Pa. Super. 1995) ("Where there is no duty of care, there can be no negligence.").

Trial Court Opinion, 2/22/19, at 5-6 (citation omitted).[3]

_____

[2] Later in his deposition, Appellant testified he was "a good 5, 6, feet. 6, 7 feet into the trailer." Abney Deposition, 4/10/18, at 52.

[3] We note that the trial court's February 22, 2019 opinion was prepared in response to Appellant's original appeal that was quashed as interlocutory because Appellant's claims against Suburban remained unresolved. In a footnote, the court explained that the opinion was filed shortly after issuing its February 14, 2019 order—from which this appeal lies—granting summary judgment in favor of Suburban, thus resolving all remaining claims against all remaining parties. Trial Court Opinion, 2/22/19, at 3 n.4. By opinion issued

There is no suggestion that Appellees were responsible for the condition inside the trailer owned by Appellant's employer, including placement of the dolly inside the trailer. "Pennsylvania courts have repeatedly held that a duty cannot be imposed upon a landowner if the defective condition was created by the work of the independent contractor or his employees." ***Wombacher v. Greater Johnstown School District***, 20 A.3d 1240, 1243 (Pa. Cmwlth. 2011) (citing ***Crane v. I.T.E. Circuit Breaker Co.***, 278 A.2d 362, 364 (Pa. 1971) (additional citation omitted)).[4] We find no abuse of discretion or error of law in the trial court's determination that Appellees owed no duty to Appellant. Appellant's first two issues, directed to the trial court's grant of summary judgment in favor of American Expo and Sammons, fail.

Appellant also asserts abuse of discretion and error of law with respect to the trial court's grant of summary judgment in favor of Suburban. Appellant

---

on May 17, 2019, the trial court acknowledged the filing of a new appeal. Noting that Appellant's Rule 1925(b) statement was "substantially identical" to the statement filed in the prior appeal, the court adopted its February 22, 2019 opinion as its opinion in the instant appeal. Rule 1925(a) Opinion, 5/17/19, at 1. Therefore, we have taken the liberty of substituting "Appellees" in this excerpt, even though the trial court referred only to American Expo and Sammons in the February 22, 2019 opinion.

[4] "While this Court is not bound by decisions of the Commonwealth Court, such decisions provide persuasive authority, and we may turn to our colleagues on the Commonwealth Court for guidance when appropriate." ***Norman for Estate of Shearlds v. Temple University Health System***, 208 A.3d 1115, 1120 n. 3 (Pa. Super. 2019) (citation and internal alterations omitted).

first argues the existence of a material fact regarding the scope of Suburban's duty "with respect to the dangerous condition that it created." Appellant's Brief at iii. Appellant next contends Suburban was not entitled to summary judgment based on *stare decisis*. **Id.**

Appellant alleges an issue of material fact regarding Suburban's failure to satisfy its duty to light the common areas of the facility where the Reber-Friel trailer was parked. Appellant's Brief at 42. This claim is defeated not only by the lack of duty on the part of Suburban to an independent contractor and its employees, but also by Appellant's own testimony that getting to the entrance of the trailer was not a problem. Abney Deposition, 4/10/18, at 48. According to Appellant, the problem started when he moved into the trailer, at which point he was "totally blind." **Id.** As Appellant testified, after he entered the trailer, "I walked up a couple more feet to see if I could see in. By that time I felt something hitting my foot. And by that time I was going down already." **Id.** at 49. Although he could not see, he nevertheless "wanted to go in to see [if I] could I see how much room there was in there. But I couldn't." **Id.** Therefore, even if Suburban owed a duty to Appellant—and our case law indicates it did not—by Appellant's own testimony, he has established that he fell due to the lack of lighting on the *inside* of his employer's trailer, not the lack of lighting in the venue's common areas.

Appellant also maintains that Suburban was not entitled to summary judgment based on *stare decisis*. As this issue was not preserved in

Appellant's Rule 1925(b) statement, it is waived.  Pa.R.A.P. 1925(b)(4)(vii).

Even if not waived, the argument fails.  As explained in its Rule 1925(a)

opinion, the trial court did not grant summary judgment based on *stare*

*decisis*, but rather granted summary judgment based on the lack of any duty

owed to Appellant by Appellees.

Finding neither abuse of discretion nor error of law in the trial court's

grant of summary judgment in favor of Appellees, we affirm the November 9,

2018 and February 14, 2019 orders.

Orders affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>11/25/19</u>

- 11 -