## Sheridan, Appellant, *v.* Great Atlantic and Pacific Tea Company (et al., Appellant).

Argued (as to Appeal No. 210); submitted (as to Appeal No. 211), September 26, 1945. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON, STEARNE and JONES, JJ.

*Lee C. McCandless,* with him *Marshall & McCandless* and *James E. Marshall,* for plaintiff.

*J. Campbell Brandon,* with him *W. D. Brandon* and *Brandon & Brandon,* for defendant, appellee, Great Atlantic & Pacific Tea Co.

*Carmen V. Marinaro,* for defendant, Ritchey, submitted a brief.

OPINION BY MR. JUSTICE ALLEN M. STEARNE, October 30, 1945:

The question is whether injuries sustained by a business invitee resulted from the negligence of the defendant company or that of another customer.

Plaintiff, a woman 76 years of age, made some purchases in the defendant company's grocery store and was about to leave through a front doorway. This consisted of two doors, each seven feet high, three feet wide and two inches thick, containing a clear plate glass panel approximately five feet by two feet. The doors were hung on opposite sides of the same frame. Both could only swing toward the interior of the store, being stopped by a center post approximately seven inches in width from swinging outward. The doors were controlled by compressed air stops to keep them from opening or closing quickly; neither had exit or entrance signs on it.

The plaintiff approached the right-hand door and placed her packages on the floor in order to open it. As

she was straightening up, the co-defendant, John Ritchey, desiring to enter the store, pushed the same door. Plaintiff was knocked to the floor and her hip broken.

At the close of plaintiff's case, a compulsory non-suit was entered as to the defendant company. The jury thereafter returned a verdict in favor of the plaintiff and against the individual defendant, following which a motion for judgment n. o. v. was refused and a motion for a new trial granted. Plaintiff at No. 210 appeals from a refusal to take off the compulsory non-suit; at No. 211, the individual defendant appeals from the dismissal of his motion for judgment n. o. v.

It is well-settled that a possessor of land is not an insurer of the safety of an invitee. His duty is merely to exercise reasonable care. See: *Chapman v. Clothier,* 274 Pa. 394, 118 A. 356; *Haddon v. Snellenburg,* 293 Pa. 333, 143 A. 8; *Vetter v. Great A. & P. Tea Co.,* 322 Pa. 449, 185 A. 613; *Rogers v. Max Azen, Inc.,* 340 Pa. 328, 16 A. 2d 529; *Kaufman Department Stores v. Cranston,* 258 F. 917 (C. C. A. 3). Plaintiff, in appealing from the refusal to take off the compulsory non-suit, argues that the defendant company was negligent in having defective door stops, in failing to construct doors which opened outward and in neglecting to post "entrance" and "exit" signs on each door. These arguments are all without merit.

There is no evidence whatsoever in the record to support the allegation of defective door stops. The defendant company had a right to have the doors swing inward. There is no requirement, statutory or otherwise, that signs be posted stating which door to use. It is clear that the defendant company provided a reasonably safe entrance for its invitees. See *Hixenbaugh v. McCrory Co.,* 145 Pa. Superior Ct. 586, 20 A. 2d 910.

The primary reason advanced by the individual defendant-appellant for entering judgment n. o. v. is that the evidence was insufficient to warrant a finding of negligence. Plaintiff contends to the contrary that the neg-

ligence consisted in using unnecessary force in opening the door, in entering through the left-hand instead of the right-hand door and in failing to look before entering.

It is true that evidence of the door's having been opened quickly, violently and impetuously by the defendant-customer might establish negligence. See *Paine v. Armour & Co.*, 194 Mass. 334, 80 N. E. 500. But in this case we think the evidence is insufficient. Plaintiff had been in a stooping position handling her packages and straightened up to open the door from the inside when, as we have said, the door opened from the outside, struck her, causing her to fall a distance which she said "I heard them say it was ten or twelve feet." "Q. Mrs. Sheridan: Can you tell us exactly where you put your groceries before you reached for the door? A. Just exactly so the door would miss them, so that I could step outside and pick up my groceries and keep the door from going shut on me. Q. There were two packages of goods? A. Yes." There is nothing to show that the defendant should have seen her handling her packages and at the same time preparing "to get hold of the door to open it" as she testified. The distance which she traversed in falling to the floor is not sufficient, in those circumstances, to support a finding that the door was opened negligently. More positive evidence of the force applied in opening the door is necessary to justify the submission of the case to a jury.

The evidence in other respects is likewise inadequate. Although it may be customary to use a right-hand door, in the absence of a statute we cannot say that failure to enter on the right side is evidence of negligence. Under the facts of this case the customer-defendant was justified in using either door.

There is also no positive evidence that the individual defendant failed to look before opening the door. When asked whether it was possible to see through the glass panel in the door, plaintiff answered: "Yes. I wasn't looking from the outside. I was looking to get hold of the door to open it."

The judgment in No. 210 is affirmed; the judgment in No. 211 is reversed and is here entered n. o. v. for the individual defendant.