Kramer et al., Appellants, *v.* Meyer et al.

14

Argued September 28, 1950. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS, ARNOLD and GUNTHER, JJ.

*Leon Rosenfield,* with him *I. Irving Tubis* and *Walsh, Tubis & Dunn,* for appellants.

*E. Walter Helm, 3rd,* with him *Raymond A. White, Jr.,* for appellees.

OPINION BY HIRT, J., November 14, 1950:

This is an action in trespass based upon personal injuries to a five-year-old boy. The minor-plaintiff, with the status of a business invitee, was injured on the premises of defendants' clothing store. At the close of plaintiffs' case the court entered a compulsory nonsuit, and on motion refused to take it off. The judgment will be affirmed.

Late on a busy Saturday night, plaintiff Martha Kramer took Earl, her son, to defendants' store to outfit him. She served herself in making a selection of

clothing for the boy. A clerk, admittedly in defendants' employ, was busy with another customer at the time and, observing that Earl was tired, directed him to sit on a chair, pointing in the direction of the rear of the store. Earl went to the place indicated by the clerk and finding no chair there, sat on a small folding ladder, "the only thing in sight to sit on". In lifting himself up on to the ladder, with his back toward it, the tip of one of his fingers became caught in the hinge of the ladder and was injured. On this meagre testimony plaintiffs relied for recovery.

Defendant was not an insurer of the safety of those who came to his store by implied invitation. The defendant owed them only the affirmative duty of keeping its premises reasonably safe for business visitors. Since defendant dealt in clothing for children it owed them a special duty to exercise reasonable care for their safety when brought to the store for purchases on their behalf. However, in an action arising from personal injury the burden is on the plaintiff to prove the negligence of the defendant which caused it. A storekeeper is not liable except upon proof of the negligence of his servant or employee chargeable to him, or of a dangerous condition or instrumentality of which he has actual or constructive notice.

It does not follow from the fact of the injury in this case that the ladder was a dangerous instrumentality and that the defendant must have known of the danger. That burden of proof was on the plaintiffs. The doctrine of res ipsa loquitur does not apply to cases involving injury to an invitee of a storekeeper and this case does not present an exception to the rule. We discussed the principle in *Smith et ux. v. Amer. Stores Co.,* 156 Pa. Superior Ct. 375, 378, 40 A. 2d 696; we need not repeat what we there said. The ladder was within the control of the defendant but it was exhibited openly and plaintiffs or witnesses on their behalf had

the means of inspecting it and proving its condition if dangerous. They offered no testimony on the subject.

True, negligence may be established solely by circumstantial evidence. But the rule is that a plaintiff who relies solely on such evidence must "produce evidence of circumstances 'so strong as to preclude the possibility of injury in any other way and provide as the *only* reasonable inference the conclusion' that the [accident] was caused by the negligence of defendant . . .": *Sharble et al. v. Kuehnle-Wilson Inc.*, 359 Pa. 494, 500, 59 A. 2d 58. Here, so far as disclosed by the testimony, the instrumentality which caused the injury was a small folding stepladder of the ordinary conventional type. As such it was no more dangerous than a folding chair or other folding device in common use. Cf. *Williams et al. v. Overly Mfg. Co.*, 153 Pa. Superior Ct. 347, 358, 34 A. 2d 52. And that must have been the judgment of the boy's mother. She testified that she "looked about and did not see a chair" in the place indicated by the clerk, but that she did observe the ladder and did not "see any harm" in Earl's mounting it to sit upon it.

The testimony in its aspects most favorable to recovery by plaintiffs does not meet the burden upon them of proving injury caused by any negligence chargeable to the defendants.

Judgment affirmed.