# Castelli, Appellant, *v.* Pittsburgh Railways Company.

Argued September 26, 1960.   Before JONES, C. J., BELL, MUSMANNO, JONES, COHEN, BOK and EAGEN, JJ.

*Herbert N. Rosenberg,* with him *Sanford M. Lampl,* and *Rosenberg and Rosenberg,* for appellants.

*Leo Daniels,* with him *Pritchard, Lawler & Geltz,* for appellee.

OPINION BY MR. JUSTICE BELL, December 1, 1960:

This is an appeal by plaintiff from a judgment of nonsuit.   It is well settled that a nonsuit can be entered only in a clear case and that in considering the

entry or the removal or the reversal of a nonsuit the evidence must be considered in the light most favorable to the plaintiff and she must be given the benefit of every reasonable inference of fact arising therefrom and any conflict in the evidence must be resolved in her favor: *Borzik v. Miller*, 399 Pa. 293, 159 A. 2d 741; *Freund v. Huster*, 397 Pa. 652, 156 A. 2d 534; *Seburn v. Luzerne & Carbon County Motor Transit Company*, 394 Pa. 577, 148 A. 2d 534. The law is clear; opinions occasionally differ as to its application, and consequently, the pertinent testimony must be reviewed.

Plaintiff was a passenger in defendant's trolley car; as a result of the collision between the truck and the trolley car plaintiff was knocked unconscious and her neck, head and back were injured.

The truck driver was undoubtedly guilty of negligence and his negligence was the proximate cause of the accident. Was the defendant's motorman guilty of negligence, and if so, was it a concurring cause of the accident? *Carlson v. A. & P. Corrugated Box Corporation*, 364 Pa. 216, 222, 223, 72 A. 2d 290.

Plaintiff's proof of liability consisted solely of the testimony of a single witness, James B. DeSantis. He was standing on the sidewalk of Lincoln Avenue. He first saw the truck, which was a great big truck carrying debris, about 75 to 80 feet to his left. He first saw the trolley car when it was between 100 and 115 feet to his right. The truck and the trolley car were going in opposite directions. The truck was going north on the right-hand side of the street, with its right wheels partly on the right car track—the rail farthest away from the trolley car. A plank stuck out of its left side at least 3 feet. There was nothing to obstruct the motorman's view of this dangerous jutting-out plank. If it was or should have been obvious to the motorman that this plank would likely collide

with his trolley car and he could have avoided the threatened collision, it was error to enter a nonsuit.

DeSantis did not hear any trolley bell. He did hear a terrific crash; the truck kept on going, while the trolley car, which was being operated at 25 miles an hour, was stopped within about five feet. The crash was caused by the truck's protruding plank striking the first four windows* in the trolley car. There was no evidence as to exactly what caused the injuries to the plaintiff's neck, head and back, although it is undoubtedly justifiably inferable that her injuries were caused by the collision.

The negligence of the motorman was alleged to be (1) a failure to stop the trolley car, and (2) a failure to ring his bell and thus warn the truck driver of his negligent dangerous driving and cause him to pull over to his right and thus avoid a collision. We all know that a trolley car, unlike an automobile, is limited to its tracks. Opinions differ as to whether the collision could have been avoided if the trolley car had *stopped* as soon as the motorman saw or should have seen the dangerous plank. However, we are all of the opinion that it was the duty of the motorman to ring his bell and if he had done so, it is justifiably inferable that the truck driver would have heard and heeded the warning and would have driven his truck to the right and thus avoided the collision.

Judgment of nonsuit reversed.

---

* We are aware of the fact that his testimony was changed on cross-examination and other parts of his testimony were diluted or changed. The lower Court's finding that DeSantis' testimony in material parts was incredible cannot affect or justify a nonsuit, although it might justify the grant of a new trial in a proper case.