Markle, Appellant, *v.* Robert Hall Clothes.

Argued April 16, 1963. Before BELL, C. J., MUS-MANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*Louis George Feldmann,* with him *Richard A. Kane,* for appellant.

*John A. Gallagher,* for appellee.

Opinion by Mr. Chief Justice Bell, June 5, 1963:

Appellant instituted a trespass action against appellee, the owner of a so-called "low overhead" clothing store in Wilkes-Barre, to recover damages for personal injuries.

Clothing sold by the appellee was displayed on racks; the racks were made of pipe and were not attached to the floor. In the part of appellee's store where the plaintiff was injured, there were several parallel rows of such racks, adjacent rows being separated by aisles approximately 34 inches wide. When plaintiff, accompanied by her daughter, Mrs. Butler, was walking along one of the aisles between rows of racks they observed ahead of them another customer, a young girl of 14, who was examining clothing on one of the racks.

Mrs. Butler, who was walking ahead of her mother, passed safely by the other customer just mentioned, but when the appellant started to pass this other customer, the latter suddenly turned and bumped into the appellant with such force as to throw her off balance. In an effort to regain her balance, appellant reached for the top cross bar of an adjacent rack. In attempting to

grasp the top cross bar, appellant pushed the top of the rack away from her, but caused the bottom of the rack to strike her legs in such a way as to knock her down. Appellant fell to the floor and suffered the injuries complained of in this action.

The Court below entered a compulsory nonsuit, which it refused to remove; hence this appeal.

In *Flagiello v. Crilly,* 409 Pa. 389, 187 A. 2d 289, the Court said (page 390): "It is hornbook law that a judgment of nonsuit can be entered only in clear cases and plaintiff must be given the benefit of all evidence favorable to him, together with all reasonable inferences of fact arising therefrom, and any conflict in the evidence must be resolved in his favor: Castelli v. Pittsburgh Railways Company, 402 Pa. 135, 165 A. 2d 632; Stimac v. Barkey, 405 Pa. 253, 174 A. 2d 868; Borzik v. Miller, 399 Pa. 293, 159 A. 2d 741.

"The law is likewise clear that the plaintiff has the burden of proving by a fair preponderance of the evidence that defendant was negligent and that his negligence was the *proximate*\* cause of the accident: Stimac v. Barkey, 405 Pa., supra; Schofield v. King, 388 Pa. 132, 130 A. 2d 93."

Appellant contends that defendant was negligent in failing to secure the clothing racks to the flooring and that this was the proximate cause of her injuries. To sustain plaintiff's contention of negligence in this case would make the appellee an *insurer* of the safety of its business invitees, and we have held that a storekeeper is not such an insurer: *Hess v. Sun Ray Drug Co.,* 387 Pa. 199, 201, 127 A. 2d 699; *Schaff v. Meltzer,* 382 Pa. 43, 45, 114 A. 2d 167; *McAdoo v. Autenreith's Dollar Stores,* 379 Pa. 387, 391, 109 A. 2d 156; *Parker v. Mc-Crory Stores Corp.,* 376 Pa. 122, 124, 101 A. 2d 377; *Jerominski v. Fowler, Dick and Walker,* 372 Pa. 291,

---

\* Italics, ours.

295, 93 A. 2d 433; *Lanni v. Pennsylvania Railroad Co.*, 371 Pa. 106, 110, 88 A. 2d 887; *Sheridan v. Great Atlantic & Pacific Tea Co.*, 353 Pa. 11, 13, 44 A. 2d 280; *Rogers v. Max Azen, Inc.*, 340 Pa. 328, 330, 16 A. 2d 529; *Hellriegel v. Kaufmann & Baer Co.*, 337 Pa. 149, 154, 9 A. 2d 370; *Stais v. Sears-Roebuck & Co.*, 174 Pa. Superior Ct. 498, 502, 102 A. 2d 204; *Kramer v. Meyer*, 168 Pa. Superior Ct. 13, 15, 76 A. 2d 481. Moreover, assuming arguendo that defendant's racks were so insecure as to warrant a finding of negligence, it is clear that the *proximate cause* of appellant's injury was not appellee's failure to fasten the clothing racks to the floor, but the independent negligent action of the "bumping" girl.

Judgment of nonsuit affirmed.

---

DISSENTING OPINION BY MR. JUSTICE MUSMANNO:

If a store owner maintains an oily, greasy floor with moveable racks which will slide, slip, tip or upset as a result of conditions which are foreseeable, I believe that a jury question results as to whether he is not negligent in such maintenance if a customer is injured because of such slipping, sliding or upsetting. The least a customer should expect when he enters a retail establishment is that its fixtures will not knock him over like loose furniture in a pitching ship at sea.

I believe that the facts in the case of *Polinelli v. Union Supply*, 403 Pa. 547, are so sufficiently close to the facts in this case that the principle therein enunciated should control this litigation. In that case Justice EAGEN said: "Union's (defendant owner) contention that if any negligence existed on its part, it was not the proximate cause of the accident is also without merit. It is argued that the act of the carpenter, an employee of Hileman, by jostling the wife-plaintiff, was

the primary, efficient and proximate cause of the injury. Under the facts, whether or not Union's negligence was the proximate cause of the accident was for the jury. One, who negligently creates a dangerous situation, cannot escape liability for the natural and probable consequences thereof, even though the innocent act of a third party may have contributed to the result. Jeloszewski v. Sloan, 375 Pa. 360, 100 A. 2d 480 (1953); Jowett v. Pa. Power Co., 383 Pa. 330, 118 A. 2d 452 (1955); Landis v. Conestoga T. Co. (No. 1), 349 Pa. 97, 36 A. 2d 465 (1944); Murray v. Frick, 277 Pa. 190, 121 Atl. 47 (1923); [29 A.L.R. 74;] Christman v. Segal, 143 Pa. Superior Ct. 87, 17 A. 2d 676 (1941); Restatement, Torts, §447." (Matter in parenthesis supplied.)

I would, therefore, remove the nonsuit and give the injured plaintiff her day in court, which she has not yet had.