## Stenson, Appellant, *v.* Rechutti.

Argued January 7, 1965. Before BELL, C. J., MUS-
MANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS,
JJ.

*Myron H. Deutsch,* for appellant.

*Melvin G. Levy,* with him *Albert Blumberg,* and
*McClenachan, Blumberg & Levy,* for appellee.

OPINION BY MR. CHIEF JUSTICE BELL, March 16,
1965:

Plaintiff appeals from a judgment of nonsuit.

Plaintiff brought a trespass action against Dome-
nick Rechutti, the owner of Dom's Normandy Market,
a corner grocery store, to recover damages for person-
al injuries sustained when she bumped her leg on a
basket in the defendant's grocery store.

In *Repyneck v. Tarantino,* 415 Pa. 92, 202 A. 2d
105, the Court said (pages 93-94): "In Markle v.
Robert Hall Clothes, 411 Pa. 282, 191 A. 2d 374, the
Court quoting from Flagiello v. Crilly, 409 Pa. 389,
187 A. 2d 289, said (page 284): ' "It is hornbook law

that a judgment of nonsuit can be entered only in clear cases and plaintiff must be given the benefit of all evidence favorable to him, together with all reasonable inferences of facts arising therefrom, and any conflict in the evidence must be resolved in his favor: Castelli v. Pittsburgh Railways Company, 402 Pa. 135, 165 A. 2d 632; Stimac v. Barkey, 405 Pa. 253, 174 A. 2d 868; Borzik v. Miller, 399 Pa. 293, 159 A. 2d 741.

" ' "The law is likewise clear that the plaintiff has the burden of proving by a fair preponderance of the evidence that defendant was negligent and that his negligence was the proximate cause of the accident: Stimac v. Barkey, 405 Pa., supra; Schofield v. King, 388 Pa. 132, 130 A. 2d 93." ' "

Reviewing the testimony in the light most favorable to the plaintiff, the following facts were established. On October 14, 1961, at approximately six o'clock in the evening, plaintiff was marketing in defendant's store, as had been her custom for several years. The store was well lighted.

Plaintiff asked for a "piece of meat." Defendant walked to the rear of the store where the meat was stored and plaintiff followed him. Defendant picked out a piece of meat and, standing behind the meat block and service counter, held up the meat and said, "Is this all right?" Plaintiff moved forward to see the meat better and bumped her right leg on a wire basket, one foot high and two feet wide, which was in front of the service counter. The basket was used by defendant to store potatoes and was in a well lighted aisle, with nothing to obstruct plaintiff's vision.

In *Sloss v. Greenberger,* 396 Pa. 353, 152 A. 2d 910, where this Court affirmed a judgment of nonsuit, the Court pertinently said (page 355): ". . . It is normal, and certainly not improper, practice for supermarket operators to use part of the aisle for sale or display purposes, and it is impossible to find any-

thing dangerous or even improper or unreasonable in the present display."

Furthermore, defendant is not an *insurer* of the safety of his business invitees: *Markle v. Robert Hall Clothes,* 411 Pa. 282, 191 A. 2d 374, and numerous cases cited therein.

Plaintiff's contention that defendant was negligent in holding up the meat, knowing that the basket was in front of the meat counter, is devoid of merit. Defendant, we repeat, is not an insurer and a plaintiff cannot walk blindly or carelessly into a clearly visible object and recover for injuries which resulted from her negligence.

Judgment of nonsuit affirmed.

Mr. Justice MUSMANNO and Mr. Justice COHEN dissent.