O'Neill, Appellant, *v.* Batchelor Brothers, Inc. Funeral Homes.

Argued March 17, 1966. Before MUSMANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*John J. Hudacsek*, with him *Hudacsek & Lewis*, for appellants.

*Lee E. Whitmire, Jr.*, with him *Whitmire & Mannix*, for appellee.

OPINION BY MR. JUSTICE EAGEN, May 24, 1966:

Eleanor M. O'Neill, the wife plaintiff herein, fell and was seriously injured while leaving a public funeral home owned and operated by the defendant. This action for damages followed, and at trial the jury awarded the husband and wife plaintiffs a verdict for a substantial sum. Later, the court en banc, unanimously concluding, inter alia,[1] that the evidence was insufficient to establish the existence of negligence on the part of the defendant, entered judgment notwithstanding the verdict in favor of the defendant. The correctness of that judgment is challenged by this appeal.

The injured plaintiff, accompanied by her husband, arrived at the funeral home on the day of the accident during the daylight hours of the late afternoon to pay respect to a deceased friend. Two hours later, after

---

[1] The court also concluded that the wife plaintiff was guilty of contributory negligence as a matter of law. We find it unnecessary to reach this question.

darkness had fallen, they proceeded to depart through the lobby to the main street entrance. This entrance consisted of two large glass doors, immediately outside of which there was a flagstone porch, about six feet in depth, partially covered with a black mat. At the extreme edge of this porch, there was a series of steps leading to the sidewalk. The porch or "walkway" leading to these steps was six and one-half inches below the level of the lobby floor.

On the outside of the funeral home, there was a cluster of three spotlights illuminating the side of the building where the entrance was located. Also, around the perimeter of this part of the building, there was a series of lamps equipped with 100 watt bulbs. Directly over the doorway entrance, there were three light fixtures with aluminum reflectors equipped with 75 watt bulbs.

The wife plaintiff testified that as she walked through the dimly lit lobby and approached the entrance, she noticed a glare coming through the glass doors from the outside. She pushed open one of the doors and "there was this glare, this brightness from these lights; then I looked down; it still gave me the impression of a straight walk-way; so then I stepped out, and I stumbled and fell down . . . . They were bright lights, probably the spotlights, what lighting it was that was putting this glare there; it was a shining brightness."

The burden was upon the plaintiffs to prove facts legally sufficient to support a cause of action. This required proof of: (1) breach of duty owed to them; (2) legal injury; and, (3) legal causation between the breach of duty, that is, negligence and the injury. See, *Repyneck v. Tarantino,* 415 Pa. 92, 202 A. 2d 105 (1964), and *Adams v. J. C. Penney Co.,* 411 Pa. 653, 192 A. 2d 218 (1963). We agree with the court below that the evidence in this case is legally insufficient to establish a breach of duty.

The defendant was not an insurer of the safety of individuals visiting the funeral home. See, *Stenson v. Rechutti,* 416 Pa. 548, 207 A. 2d 760 (1965), and *Markle v. Robert Hall Clothes,* 411 Pa. 282, 191 A. 2d 374 (1963). Nor was it negligence per se or negligent construction to have the porch or "walkway" involved leading from the funeral home built at a lower level, by a few inches, from the level of the main floor of the funeral home. See, *Haddon v. Snellenburg,* 293 Pa. 333, 143 A. 8 (1928), and *Strawhacker v. S. F. Whitman & Son,* 147 Pa. Superior Ct. 33, 23 A. 2d 349 (1941). However, it was the duty of the defendant to have the particular location of the elevation sufficiently lighted artificially to enable users to see the step from the lobby to the porch. See, *Haddon v. Snellenburg,* supra.

In the complaint, the negligence upon which the cause of action was based was described as "deceptive lighting." During the trial, statements of counsel indicated that the asserted negligence was "inadequate lighting." An examination of the record manifests that the plaintiffs' evidence itself established the existence of more than ample artificial illumination. As to the charge that "deceptive lighting" caused the wife plaintiff not to see the step involved, the record is devoid of evidence to show that the lights outside of the home were installed or placed in such a manner as to cause a deceptive or dangerous condition, which resulted in the injured plaintiff incorrectly assessing the pathway before her. Absent such proof, no breach of duty was established.

Judgment affirmed.

Mr. Justice MUSMANNO dissents.