604 A.2d 751

**Myrna SLONEKER, Individually and as Administratrix of the Estate of Richard Sloneker**

v.

**Donald C. MARTIN, Township of Amwell and Township of South Strabane and Commonwealth of Pennsylvania et al.**

**Appeal of Donald C. MARTIN.**

Commonwealth Court of Pennsylvania.

Argued Feb. 11, 1991.

Decided Dec. 17, 1991.

Douglas R. Nolin, for appellant, Donald C. Martin.

Kathleen Smith–Delach, for appellee, Tp. of Amwell.

Margaret A. McLean, for appellee, Tp. of South Strabane.

J. Elise Tourek, Deputy Atty. Gen., for appellee, Dept. of Transp.

## ORDER

PER CURIAM.

NOW, March 12, 1992, it is ORDERED that the above-captioned opinion filed December 17, 1991 shall be designated OPINION rather than MEMORANDUM OPINION, and *it shall be reported.*

Before DOYLE and SMITH, JJ., and SILVESTRI, Senior Judge.

DOYLE, Judge.

Donald C. Martin appeals from an order of the Court of Common Pleas of Washington County which granted summary judgment in favor of the Department of Transportation (Department), South Strabane Township and Amwell Township (collectively, the Townships).

The relevant facts are as follows: at approximately 2:15 a.m. on September 27, 1987, Richard Sloneker was struck and killed by an automobile operated by Martin as he attempted to cross Route 40, a state highway. Sloneker had just left the Old Trails Cafe located in South Strabane Township and was walking towards his car parked on the opposite side of Route 40. The dividing line between South Strabane Township and Amwell Township is the center line of Route 40 and Sloneker was on the Amwell side of the highway when he was struck.

Myrna Sloneker, in her individual capacity and as administratrix of the estate of Richard Sloneker, filed suit against Martin and the Townships. Sloneker alleged that the Townships were negligent in (1) failing to illuminate properly the area in question; (2) failing to erect signs warning pedestrians of the flow of traffic; and (3) failing to erect signs to warn motorists of the likelihood of encountering pedestrian traffic in the area in question. The Townships joined, among others, the Department as an additional defendant. The Department and the Townships filed motions for summary judgment asserting their immunity from suit, the Townships under Section 8541 of the Judicial Code, 42 Pa.C.S. § 8541, pertaining to governmental immunity and the Department under Section 8521 of the Judicial Code, 42 Pa.C.S. § 8521, pertaining to sovereign immunity. These motions were granted on August 14, 1990. Appeal by Martin to this Court followed.[1]

Upon review of a grant of a motion for summary judgment, we must examine the record in a light most favorable to the nonmoving party, giving such party the benefit of all reasonable inferences, and all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party. *Snyder v. Bristol Township*, 119 Pa.Commonwealth Ct. 201, 546 A.2d 1320 (1988). Our scope of review of the grant of a motion for summary judgment is limited to determining whether the trial court committed an error of law or a manifest abuse of

1. No other appeal was taken by any other party.

discretion. *Herman v. Greene County Fair Board,* 112 Pa.Commonwealth Ct. 615, 535 A.2d 1251 (1988).

### The Townships

On appeal, Martin argues that the trial court erred in granting summary judgment because the Townships had notice and control of a dangerous condition existing on Route 40. Martin alleges that in the vicinity of the accident, the highway was not well lit and was deceptive with respect to the distance of oncoming vehicles. He further maintains that this condition could have been eliminated by the placement of lights and/or signs and that the failure of the Townships to take action to correct the condition could be found by a jury to be negligence.

In order to maintain an action in negligence against a local agency, a plaintiff must demonstrate that a party without statutory immunity could be held liable for the same conduct and that the injury was caused by the negligent acts of the local agency or an employee thereof. *Bendas v. Township of White Deer,* 131 Pa.Commonwealth Ct. 138, 569 A.2d 1000 (1990), *petition for allowance of appeal denied,* 526 Pa. 639, 584 A.2d 321 (1990). Absent a legal duty owed to the injured party, no recovery can lie against a local governmental agency. *O'Neill v. Batchelor Brothers, Inc. Funeral Homes,* 421 Pa. 413, 219 A.2d 682 (1966). In order to prove negligence in the instant case, Martin must prove, *inter alia,* that the Townships as alleged tort-feasors had a duty toward Richard Sloneker as the injured party. *Buffalini by Buffalini v. Shrader,* 112 Pa.Commonwealth Ct. 228, 535 A.2d 684 (1987).

Initially, we note that because Route 40 is a state highway, the Townships bear no responsibility for its repair and maintenance; such responsibility rests exclusively with the Department. *Calvanese v. Leist,* 70 Pa.Commonwealth Ct. 251, 452 A.2d 1125 (1982). Further, it is well settled that the Townships have no common law duty to erect traffic control devices, *Bryson v. Solomon,* 97 Pa.Commonwealth Ct. 530, 510 A.2d 377 (1986), *petition for allowance*

*of appeal denied sub nom. Bryson v. Board of Education of School District of Philadelphia,* 519 Pa. 668, 548 A.2d 257 (1988); nor do they have such a duty imposed by statute. This Court has previously held that authority granted to a municipality to erect traffic control devices on roadways within its boundaries under Section 6122 of the Vehicle Code, 75 Pa.C.S. § 6122, is discretionary, and that there is no obligation on the part of the municipality to exercise this discretion. *Bendas.*

There is also no duty imposed on the Townships to illuminate roadways within their jurisdiction. Section 702 of The Second Class Township Code, Act of May 1, 1933, P.L. 103, *as amended,* 53 P.S. § 65702, in pertinent part, provides that township supervisors through the exercise of the corporate powers of the township "shall have power [to] light and illuminate the highways, roads and other public places of the township with electric light" but this Section does not impose a duty upon them to take this action.[2]

In his brief, Martin does not address the question of whether the Townships owed a duty to Richard Sloneker. Instead, Martin argues that the alleged negligent acts of the Townships fall within either Section 8542(b)(3) of the Judicial Code, 42 Pa.C.S. § 8542(b)(3), pertaining to the real property exception to governmental immunity or Section 8542(b)(4) of the Judicial Code, 42 Pa.C.S. § 8542(b)(4), pertaining to the exception regarding trees, traffic controls and street lighting. The determination of whether a duty was owed to Richard Sloneker is a threshold question and because we have concluded that the Townships had no duty to erect traffic control devices or provide illumination on Route 40, it is not necessary to reach the issue of whether the acts of the Townships constitute an exception to governmental immunity.

2. Amwell Township had no duty to prohibit parking on its side of Route 40. Section 6109 of the Vehicle Code, 75 Pa.C.S. § 6109, permits a local authority, on streets or highways within its boundaries, to "regulat[e] or prohibi[t] stopping, standing or parking" but does not impose an affirmative duty on the local authority to take this action. *Medina v. Township of Falls,* 71 Pa.Commonwealth Ct. 295, 454 A.2d 674 (1983).

We therefore hold that summary judgment was properly granted to the Townships.

## The Department

Martin argues that summary judgment was improperly granted to the Department because it had knowledge of a dangerous condition existing on Route 40, a road which is part of the State highway system. He further argues that the highway was poorly lit, that it was improperly designed and that the parking problem could have been eliminated by the placement of appropriate warning signs.

■ A plaintiff seeking to overcome the defense of sovereign immunity under Section 8522 of the Judicial Code, 42 Pa.C.S. § 8522, must meet two distinct requirements. First, pursuant to Section 8522(a), the plaintiff must show that he or she possesses a common law or statutory cause of action against a Commonwealth party, and second, pursuant to Section 8522(b), he or she must demonstrate that the cause of action falls within one of the exceptions to sovereign immunity. As in the case of a local agency, absent a legal duty owed to the injured party, no recovery can lie. *O'Neill.*

■ Our determination of the nature of the duty owed to Richard Sloneker by the Department is similar to our analysis of the duty owed by the Townships. The Department has no duty to erect traffic control devices under Section 6122 of the Vehicle Code; such authority is discretionary and imposes no duty to act.[3] *See Sippos by Sippos v. Richards,* 116 Pa.Commonwealth Ct. 124, 541 A.2d 413 (1988) (interpreting similar language in Section 6124 of the Vehicle Code, 75 Pa.C.S. § 6124). Nor does the Department have a duty to prohibit parking along Route 40 under

---

3. Martin cites *Commonwealth v. Bendas,* 131 Pa.Commonwealth Ct. 488, 570 A.2d 1360 (1990), *petition for allowance of appeal granted,* 527 Pa. 651, 593 A.2d 423 (1991), for the proposition that the Department may be held liable for failure to exercise its discretionary authority to erect traffic control devices. *Bendas* was recently overruled by our decision in *Majestic v. Department of Transportation,* 144 Pa.Commonwealth Ct. 109, 601 A.2d 386 (1991).

Section 6109 of the Vehicle Code. This Section grants the Department discretion to exercise its police powers on State-designated highways. *Medina.*

Further, the Department has no duty to illuminate highways under its control. Section 402.1 of the State Highway Law,[4] provides that "[t]he department *may* construct, improve, and thereafter maintain and repair, equipment for the lighting of existing or new highways, or any part thereof . . ." (emphasis added). The use of the word "may" indicates a grant of discretion and does not impose a duty upon the Department to illuminate Route 40 in the area of the accident. *See Columbia Borough,* 24 Pa.Commonwealth Ct. 190, 354 A.2d 277 (1976).

An additional issue raised by Martin is that the highway was improperly designed causing automobiles to appear to be farther away than they actually were. In addressing this argument in its opinion, the trial court opined:

> In order to avoid the general principle that PennDot has no mandatory duty to erect traffic controls, lights, and signs, the parties opposing PennDot's motion seem to say that the highway is defectively designed and therefore dangerous. What the opponents cannot avoid is the fact that this highway at the scene of the accident is fairly level and straight; there are no dangerous curves or intersections involving heavy traffic. To get to the gist of the matter, the opponents are really saying that highway needs traffic control, lights and signs. . . .

■ In *Wyke v. Ward,* 81 Pa.Commonwealth Ct. 392, 474 A.2d 375 (1984), this Court determined that the Department owes a duty to all users of the roads to provide reasonably safe highways. However, even accepting as a matter of law that the Department owed this duty to Richard Sloneker as a pedestrian crossing the state highway, we must further consider whether the acts of the Department in this case are sufficient to establish a cause of action. Martin's allegation that the site distance was deceptive to pedestri-

4. Act of June 1, 1945, P.L. 1242, 36 P.S. § 670–402.1. Section 402.1 was added to the Act by Section 1 of the Act of May 31, 1957, P.L. 234.

ans and is a defect of the highway is simply conclusory, and is totally unsupported by specific facts of a design defect in this case. It is, therefore, insufficient as a matter of law to establish the existence of a "dangerous condition" existing on the state highway.

Because Martin has failed to establish that the cause of action meets the requirements of Section 8522, we hold that the trial court properly granted summary judgment to the Department.

Based on the above discussion, we affirm the order of the Court of Common Pleas of Washington County.[5]

### ORDER

NOW, December 17, 1991, the order of the Court of Common Pleas of Washington County in the above-captioned matter is hereby affirmed.

---

**5.** Martin also argues that this Court's decision in *Crowell v. City of Philadelphia,* 131 Pa.Commonwealth Ct. 418, 570 A.2d 626 (1990), erroneously interprets and extends the holding of *Mascaro v. Youth Study Center,* 514 Pa. 351, 523 A.2d 1118 (1987). *Crowell* was overruled on this point by our decision in *Buschman v. Druck,* 139 Pa.Commonwealth Ct. 182, 590 A.2d 53 (1991).