Jacqueline DAVIS, Appellant,

v.

RESOURCES FOR HUMAN DEVELOPMENT, INC.; New Beginnings Head Start; Pat Townsend Collier; Carol Porter; Haneefah Islam a/k/a Haneefah Islam–Wallington; Lynette Starr; Patricia A. Andrews; Cynthia Barnes; Appellees.

Superior Court of Pennsylvania.

Submitted Dec. 4, 2000.

Filed March 8, 2001.

Robert Land, Philadelphia, for appellant.

Daniel J. Zucker, Philadelphia, for Porter, Barnes, Islam, Starr, Andrewa and Collier, appellees.

Michael J. Burns, Philadelphia, for New Beginnings Head Start, appellee.

Before POPOVICH, TODD, and OLSZEWSKI, JJ.

OLSZEWSKI, J.:

¶ 1 Jacqueline Davis appeals from the trial court's November 9, 1999, order granting summary judgment to appellees and dismissing appellant's defamation claim with prejudice. We affirm.

¶ 2 We recite the facts from appellant's brief:

[Appellant] served for years as a volunteer at the New Beginnings Head Start Center, a federally funded early education program operated by the [corporate appellees] in Philadelphia. She worked as a fund-raiser, classroom aide, and in 1996, she was appointed to the center's Policy Council which by federal regulations enabled parents to participate in policy making and other decisions of import.

In December, 1996, [appellant] attended an annual parent conference in Texas. On January 8, 1997, the Policy Council Executive Board met [and] some members accused [appellant] of theft at

a Texas hotel. Shortly thereafter, the Policy Council issued a letter, signed by the individual appellees, removing [appellant] from her position as a member of the Policy Council. The letter accused [appellant] of stealing items from her hotel room and of displaying inappropriate behavior.

Brief of Appellant at 6. Appellant brought suit against appellees for defamation. Both the corporate and the individual appellees moved for summary judgment on September 7, 1999. *See* Memorandum Opinion of the Court *sur* Motions for Summary Judgment ("Trial Court Opinion"), 2/1/00 (dated 1/13/00), at 1. The trial judge granted both motions and dismissed appellant's claim with prejudice after determining that appellant could not "make out a viable defamation case against any of [appellees]."*Id.* This appeal followed.

¶ 3 Appellant raises the following issues on appeal:

WHETHER THE TRIAL COURT COMMITTED LEGAL ERROR GRANTING DEFENSE MOTIONS FOR SUMMARY JUDGMENT, HOLDING THAT APPELLANT FAILED TO ESTABLISH A DEFAMATION CASE WHERE:

1) [APPELLANT] HAD ESTABLISHED THAT THE LETTER AT ISSUE ACCUSED HER OF THEFT AND OTHER CONDUCT UNBECOMING OF A PERSON IN HER POSITION AND FIRED HER FROM THAT POSITION, AND,

2) [APPELLANT] HAD ESTABLISHED THAT THE LETTER HAD BEEN COMMUNICATED AMONG AT LEAST FOUR PERSONS, AND, FURTHER, THE FACT OF HER FIRING FROM HER POSITION AMID ACCUSATIONS OF THEFT HAD BEEN "COMMUNICATED", AND

3) [APPELLANT] HAD ESTABLISHED THAT HER REPUTATION HAD BEEN HARMED AND SHE HUMILIATED BY THE MALICIOUS CANARD OF THEFT AND CONSEQUENT REMOVAL FROM HER POSITION, CAUSING AT LEAST GENERAL DAMAGES, AND

4) APPELLEES' ALLEGED PRIVILEGE HAD BEEN ABUSED ONCE HER REMOVAL FROM HER POSITION WAS MALICIOUSLY COMPOUNDED BY ACCUSATIONS OF THIEVERY.[1]

Brief of Appellant at 4.

Our standard of review of the grant of a motion for summary judgment is plenary, and is as follows:

It is well settled that when reviewing the propriety of a trial court's order granting summary judgment, we must view the record in the light most favorable to the non-moving party and determine whether the moving party has established that there exists no genuine issue of material fact and that it is therefore entitled to judgment as a matter of law. The non-moving party is entitled to all reasonable inferences. Any doubts as to the existence of a factual dispute must be resolved in the non-moving party's favor and summary judgment is appropriate only in the clearest of cases.

Summary judgment is granted:

[W]hen the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits demonstrate

---

1. Because we can dispose of appellant's claims on issues two and three, we do not reach issue four.

that there exists no genuine issue of material fact. The moving party has the burden of proving the non-existence of any genuine issue of fact. The non-moving party must demonstrate that there is a genuine issue for trial and may not rest on averments in its pleadings. The trial court must resolve all doubts against the moving party and examine the record in the light most favorable to the non-moving party. Summary judgment may only be granted in cases where it is clear and free from doubt that the moving party is entitled to judgment as a matter of law.

*Hoffman v. Pellak*, 764 A.2d 64, 65–66 (Pa.Super.2000) (citations omitted).

¶ 4 We have previously stated the required elements for a successful defamation claim:

"In an action for defamation, the plaintiff must prove: (1) the defamatory character of the communication; (2) publication by the defendant; (3) its application to the plaintiff; (4) understanding by the recipient of its defamatory meaning; (5) understanding by the recipient of it as intended to be applied to the plaintiff; (6) special harm to the plaintiff; (7) abuse of a conditionally privileged occasion."

*Rush v. Philadelphia Newspapers, Inc.*, 732 A.2d 648, 651–52 (Pa.Super.1999) (quoting *Maier v. Maretti*, 448 Pa.Super. 276, 671 A.2d 701, 704 (1995)).

 ¶ 5 Appellant argues that she met the prongs for defamation. First, she argues that the letter had defamatory meaning. *See* Brief of Appellant at 11. "A communication is defamatory if it tends to harm the reputation of another as to lower him in the estimation of the community or to deter third persons from association or dealing with him. A communication is also defamatory if it

ascribes to another conduct, character or a condition that would adversely affect his fitness for the proper conduct of his proper business, trade or profession."

*Rush*, 732 A.2d at 652 (quoting *Maier*, 671 A.2d at 704). The letter in question stated that appellant "displayed inappropriate behavior" and that her "behavior was unbecoming of a Policy Council Representative." Letter at 1. Appellant apparently does not dispute the trial court's finding that those statements were not defamatory, as she does not address those statements. Instead, she focuses on the language in the letter that stated that the council would send her "a bill for the items that were missing out of [her hotel] room." *Id.* While both the trial court and appellees argue that the latter sentence does not accuse appellant of theft, we disagree. "[W]hen determining whether a communication is defamatory, the court will consider what effect the statement would have on the minds of the average persons among whom the statement would circulate. 'The words must be given by judges and juries the same significance that other people are likely to attribute to them.'" *Rush*, 732 A.2d at 652 (quoting *Maier*, 671 A.2d at 704). We think that an average person would assume that the above language implied that appellant had stolen the items missing from her hotel room. Thus, we find that the letter was capable of a defamatory meaning.

 ¶ 6 It is with the remaining elements that appellant has difficulty. First, she claims that the letter was published when the first signatory passed it to the second signatory. *See* Brief of Appellant at 11. She turns to *Arvey Corp. v. Peterson*, 178 F.Supp. 132 (E.D.Pa.1959) for support. We first note that " 'decisions of the federal district courts ... are not binding on Pennsylvania courts, even when a federal question is involved.' "

*Kubik v. Route 252, Inc.,* 762 A.2d 1119, 1124 (Pa.Super.2000) (quoting *In re Insurance Stacking Litigation,* 754 A.2d 702, 704 n. 6 (Pa.Super.2000)). In *Arvey Corp.,* the court held that "a dictation by an officer of a corporation to his secretary is a publication" for purposes of defamation. *Arvey Corp.,* 178 F.Supp. at 136. We decline to adopt such a broad standard. It is clear that in Pennsylvania, the communication must be expressed to a third party in order to be "published." *See Elia v. Erie Ins. Exchange,* 430 Pa.Super. 384, 634 A.2d 657, 660 (1993). Here, the communication was between the four authors of the letter and appellant. While four people signed the letter, none of those is a third party for these purposes.[2] Thus, appellant failed to show that the letter was published. Even had she shown publication, though, "publication of defamatory matter may be defeated by a privilege to publish the defamation." *Agriss v. Roadway Express,* 334 Pa.Super. 295, 483 A.2d 456, 463 (1984).

> "Liability for publication of defamatory matter may be defeated by a privilege to publish the defamation. One who publishes defamatory matter within the scope of an **absolute privilege** is immune from liability regardless of occasion or motive. However, such a privilege may be lost if the publisher exceeds the scope of his privilege by publishing the defamation to unauthorized parties."

*Miketic v. Baron,* 450 Pa.Super. 91, 675 A.2d 324, 327 (1996) (quoting *Agriss,* 483 A.2d at 461).

> "Consistent with a policy favoring private resolution of disputes between employers and employees, Pennsylvania law recognizes the absolute privilege of employers to publish defamatory matter in notices of employee termination. Thus, a letter articulating the reasons for an employee's termination **which is published only to the employee** " 'may not be made the subject of an action in libel, regardless of whether the allegations of cause are true or false and regardless of the actual motive behind the dismissal.' " The purpose of the absolute privilege is to encourage the employer's communication to the employee of the reasons for discharge by eliminating the risk that the employer will possibly be subject to liability for defamation. Where the privilege is abused by the employer's publication of the defamatory material to unauthorized parties, the employer is no longer immune from liability."

*Id.* at 327–28, 483 A.2d 456 (citations omitted). Here, the letter was addressed solely to appellant. The mere fact that it was signed by four people, all of whom had an interest in the letter, does not mean that the privilege was abused. Further,

> [c]ommunications made on a proper occasion, from a proper motive, in a proper manner, and based upon reasonable cause are privileged.
>
>> " 'An occasion is conditionally privileged when the circumstances are such as to lead any one of several persons having a common interest in a particular subject matter correctly or reasonably to believe that facts exist which another sharing such common interest is entitled to know.' "

*Id.* at 329, 483 A.2d 456 (citations omitted). Here, each council member had a legitimate interest in the matter. Further,

---

**2.** Appellees Islam, Starr, Andrews and Barnes signed the letter. Appellees Collier and Porter are apparently employees of New Beginnings Head Start, *see* Brief of Individual Appellees at 1, and appellant does not allege that Collier or Porter saw the letter. She appears to have included these two in the suit because they were "persons of some stature within the corporate [appellees'] hierarchy." Complaint at 3.

they were all entitled to know, as it was a council matter. Appellant admits that privilege applies, but claims that appellees abused that privilege. *See* Brief of Appellant at 14. "Once a matter is deemed conditionally privileged, the plaintiff must establish that the conditional privilege was abused by the defendant." *Miketic,* 675 A.2d at 329. To prove abuse, the plaintiff must show that

> "The publication is actuated by malice or negligence, is made for a purpose other than that for which the privilege is given, or to a person not reasonably believed to be necessary for the accomplishment of the purpose of the privilege, or includes defamatory matter not reasonably believed to be necessary for the accomplishment of the purpose."

*Id.* (quoting *Beckman v. Dunn,* 276 Pa.Super. 527, 419 A.2d 583, 588 (1980)). Here, appellant just states that appellees abused the privilege by "exceed[ing] the scope necessary to accomplish [their] purpose." Brief of Appellant at 14. This is not enough to allege that appellees abused a privilege.

¶ 7. Even assuming appellant's facts are true, it is clear that she cannot sustain a claim for defamation. Order affirmed.