## Angelo v. Luzerne Township

C.P. of Fayette County, no. 1447 of 1999 G.D.

*Theresa Berret,* for plaintiff.
*John Kwasmeski,* for defendant.

WARMAN, *J.,* June 11, 2001—Presently before this court for disposition is a motion for summary judgment,

filed on behalf of defendant, Luzerne Township, to the complaint filed on behalf of Vincent L. Angelo II, individually, and as administrator of the estate of Vincent Lewis Angelo III, now deceased. In the motion, defendant avers that plaintiff is unable to adduce sufficient evidence on issues essential to the case, on which he bears the burden of proof, such that a jury could render a verdict in his favor, and that it is therefore immune from suit under section 8541 and section 8542 of the Judicial Code pertaining to governmental immunity, 42 Pa.C.S. §8541 and §8542.

After oral argument, full consideration of the record, applicable law, briefs and submissions of counsel, and for reasons more fully discussed herein, defendant's motion for summary judgment is denied.

## BACKGROUND

The facts and procedural history of the case are as follows. This action arises as the result of an automobile accident which occurred on December 15, 1998, as plaintiff and his 5-year-old son were traveling eastbound on Township Road 303 approaching the intersection of Township Road 326. Township Road 303 is a two-lane, two-way, asphalt surfaced road owned and maintained by defendant Luzerne Township.

Plaintiff alleges that prior to reaching the intersection, a deer jumped out from the right-hand side of the roadway into his path of travel and that he swerved in order to avoid hitting it. As a result thereof, plaintiff's vehicle veered into a stop sign[1] that controlled traffic coming

---

1. In his deposition taken on April 20, 2000, William Baker, chairman of the Luzerne Township supervisors for the past 20 years and

from Township Road 326 onto Township Road 303. When the left front wheel of the Angelo vehicle came into contact with the base of the stop sign, it tilted out of control and rolled, side over side, twice, until it came to rest on its roof after colliding with a tree alongside Township Road 326. Both occupants were ejected from the vehicle. Vincent Lewis Angelo III, died as a result of the accident, and plaintiff Vincent L. Angelo II, sustained various injuries. Thereafter, on or about July 21, 1999, a three-count complaint was filed on behalf of plaintiff and his decedent son in the Court of Common Pleas of Fayette County, Pennsylvania. Said complaint contains claims against defendant for negligence, wrongful death, and a survival action.

Following the completion of discovery, on or about April 16, 2001, the motion for summary judgment now before this court was filed on behalf of defendant Luzerne Township. On May 15, 2001, we heard oral argument thereon.

## DISCUSSION

The purpose of the summary judgment rule is to eliminate cases prior to trial where a party cannot make out a claim or defense after relevant discovery has been completed. *Miller v. Sacred Heart Hospital,* 753 A.2d 829 (Pa. Super. 2000). Summary judgment is proper when the pleadings, depositions, answers to interrogatories and

---

Luzerne Township roadmaster, stated that in 1988, the sign in question was placed in a cement base because, prior to that time, it was being knocked over, either by vandals or automobiles, two or three times a year.

admissions on file, if any, together with any affidavits, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. *Kuney v. Benjamin Franklin Clinic,* 751 A.2d 662 (Pa. Super. 2000); *Stevens Painton Corporation v. First State Insurance Company,* 746 A.2d 649 (Pa. Super. 2000); *Davis v. Resources for Human Development Inc.,* 770 A.2d 353 (Pa. Super. 2001).

Summary judgment may only be granted in cases where it is clear and free from doubt that the moving party is entitled to judgment as a matter of law. *Davis v. Resources for Human Development,* 770 A.2d 353 (Pa. Super. 2001). The non-moving party must adduce sufficient evidence on issues essential to its case on which he bears the burden of proof such that a jury could return a verdict in its favor. *Ertel v. Patriot-News Company,* 544 Pa. 93, 674 A.2d 1038 (1996); *reargument denied, certiorari denied,* 519 U.S. 1008, 117 S.Ct. 512, 136 L.Ed.2d 401 (1996); *O'Rourke v. Pennsylvania Department of Corrections,* 730 A.2d 1039 (Pa. Commw. 1999). If there are no material issues of fact or if the non-moving party has failed to state a prima facie case, summary judgment may be granted. *Dudley v. USX Corporation,* 414 Pa. Super. 160, 606 A.2d 916 (1992), *allocatur denied,* 532 Pa. 663, 616 A.2d 985 (1992).

The trial court must confine its inquiry when confronted with a motion for summary judgment to questions of whether material factual disputes exist. *Township of Bensalem v. Moore,* 152 Pa. Commw. 540, 620 A.2d 76 (1993). For summary judgment purposes, a "material fact" is one that directly affects the outcome of the

98

case. *Kuney v. Benjamin Franklin Clinic,* 751 A.2d 662 (Pa. Super. 2000); *Kenney v. Jeanes Hospital,* 769 A.2d 492 (Pa. Super. 2001). In passing on a motion for summary judgment, the court must examine the record in a light most favorable to the non-movant and resolve any doubt in his favor. *Swartley v. Hoffner,* 734 A.2d 915 (Pa. Super. 1999), *allocatur denied,* 561 Pa. 660, 747 A.2d 902 (1999); *Doe v. Philadelphia Community Health Alternatives AIDS Task Force,* 745 A.2d 25 (Pa. Super. 2000), *allocatur granted in part,* 563 Pa. 125, 758 A.2d 166 (2000), *affirmed,* 564 Pa. 264, 767 A.2d 548 (2001).

In a motion for summary judgment, the moving party has the burden of proving the non-existence of any genuine issue of fact, the non-moving party must demonstrate that there is a genuine issue for trial and may not rest an averments in its pleadings. *Davis v. Resources of Human Development,* 770 A.2d 353 (Pa. Super. 2001). The party moving for summary judgment may not rely solely on its own testimonial affidavits or depositions or those of its witnesses to establish the non-existence of a genuine issue of material fact. *Dudley v. USX Corporation,* 414 Pa. Super. 160, 606 A.2d 916 (1992). With the above rules in mind, we will now consider defendant Luzerne Township's motion for summary judgment to plaintiff's complaint.

42 Pa.C.S. §8541 provides:

"Except as otherwise provided in this subchapter, no local agency shall be liable for any damages on account of any injury to a person or property caused by any act of the local agency or an employee thereof or any other person." 42 Pa.C.S. §8541.

42 Pa.C.S. §8542(a) provides in pertinent part:

"(a) Liability imposed—A local agency shall be liable for damages on account of an injury to a person or property within the limits set forth in this chapter if both of the following conditions are satisfied and the injury occurs as a result of one of the acts set forth in subsection (b):

"(1) The damages would be recoverable under common law or a statute creating a cause of action if the injury were caused by a person not having available a defense under section 8541 (relating to governmental immunity generally) or section 8546 (relating to defense of official immunity); and

"(2) The injury was caused by the negligent acts of the local agency or an employee thereof acting within the scope of his office or duties with respect to one of the categories listed in subsection (b). As used in this paragraph 'negligent acts' shall not include acts or conduct which constitutes a crime, actual fraud, actual malice or willful misconduct." 42 Pa.C.S. §8542(a).

A township is a local agency and thus subject to the provisions of the Political Subdivision Tort Claims Act. *Deluca v. Whitemarsh Township,* 106 Pa. Commw. 325, 526 A.2d 456 (1987). Tort exceptions to governmental immunity under the Political Subdivision Claims Act are to be strictly construed because of the clear intent to insulate government from exposure to tort liability. *Lockwood v. City of Pittsburgh,* 561 Pa. 515, 751 A.2d 1136 (2000); see also, *Kiley by Kiley v. City of Philadelphia,* 537 Pa. 502, 645 A.2d 184 (1994). The legislative intent requires courts to interpret the statutory exceptions

narrowly against injured plaintiffs. *Thomas v. City of Philadelphia,* 668 A.2d 292 (Pa. Commw. 1995).

The burden of proof necessary to successfully maintain an action against a local agency lies with the claimant seeking to impose liability. The claimant has the burden of establishing that a common-law or statutory cause of action exists against the local agency as a result of a negligent act of that agency or its employee acting within the scope of his employment, and that the negligent act falls within one of the eight enumerated exceptions. *Santori v. Snyder,* 165 Pa. Commw. 505, 645 A.2d 443 (1994).

Here, plaintiff has asserted negligence claims against defendant. The basic elements of a cause of action founded on negligence are a duty, recognized by law, requiring the actor to conform to a certain standard of conduct, failure to conform to that standard, causal connection between the conduct and the resulting injury, and actual loss or damage resulting to the interests of another. *Hicks v. Metropolitan Edison Company,* 665 A.2d 529 (Pa. Commw. 1995), *allocatur denied,* 544 Pa. 638, 675 A.2d 1253 (1996). Absent a legal duty to the injured party, no recovery can lie against a local governmental agency. *Sloneker v. Martin,* 144 Pa. Commw. 190, 604 A.2d 751 (1991).

In the complaint, plaintiff alleges that the township was negligent in these respects:

"(a) In creating and maintaining an ultrahazardous and dangerous condition of TR 303, TR 326 and the intersection thereof by negligently placing the stop sign at the intersection of TR 326 and TR 303 on a solid steel

post anchored into a large concrete/cement footer specifically designed not to break away when hit by a motor vehicle; and/or

"(b) In failing to utilize a proper and safe breakaway mounting for the stop sign located on TR 326 at the intersection of TR 303; and/or

"(c) In failing to maintain and/or adequately and/or properly maintain the stop sign at the intersection of TR 326 and TR 303 so as to insure that the same was properly constructed to break away in the event of a collision; and/or

"(d) In negligently designing, placing and mounting the subject stop sign at the intersection of TR 326 and TR 303 where defendant possessed actual knowledge that vehicles had struck the stop sign in the past and constructive knowledge that vehicles would strike the stop sign in the future."

There is no dispute that once a municipality has undertaken the discretionary duty to control traffic through the use of traffic signals or control devices, it may be held liable for negligent erection or maintenance of those devices in absence of a shield of governmental immunity. See *City of Philadelphia v. Messantonio,* 111 Pa. Commw. 364, 533 A.2d 1127 (1987), *allocatur denied,* 519 Pa. 668, 548 A.2d 257 (1988). See also, *Glenn v. Horan,* 765 A.2d 426 (Pa. Commw. 2001). Although defendant does not deny that it owed such a duty to plaintiff and his son, defendant does deny that it was negligent, and that any act or omission on its part caused the injuries resulting from his accident. Based on this duty and plaintiff's allegations that defendant's breach of this

duty caused the injuries sustained as a result of the accident, we believe that plaintiff has sufficiently established a cause of action against defendant as required by 42 Pa.C.S. §8542(a)(1).

We must next determine whether the township was immune from suit through the operation of the exceptions set forth in 42 Pa.C.S. §8542(b). Plaintiff argues in opposition to defendant's motion for summary judgment that both the streets exception found at 42 Pa.C.S. §8542(b)(6)(i), and the traffic controls exception found at 42 Pa.C.S. §8542(b)(4) apply to this case and operate to waive the defendant's immunity. Plaintiff further argues that there are numerous genuine issues of material fact which preclude the entry of summary judgment. Defendant, however argues to the contrary that it is immune from suit because neither exception applies. Defendant further argues that because there are no genuine issues of material fact, it is therefore entitled to judgment as a matter of law.

The streets exception found at 42 Pa.C.S. §8542(b)(6)(i) provides:

"(6) *Streets.*—

"(i) A dangerous condition of streets owned by the local agency, except that the claimant to recover must establish that the dangerous condition created a reasonably foreseeable risk of the kind of injury which was incurred and that the local agency had actual notice or could reasonably be charged with notice under the circumstances of the dangerous condition at a sufficient time prior to the event to have taken measures to protect against the dangerous condition." 42 Pa.C.S. §8542(b)(6)(i).

Defendant argues that for this exception to apply and liability to be imposed, there must be a dangerous condition "of" the roadway and that here, no such condition existed. Defendant claims that the road was dry, the pavement was even, and that there has been no evidence produced to suggest that plaintiff lost control of his vehicle due to any condition "of" the roadway. Instead, defendant alleges that plaintiff lost control of his car as a result of swerving to miss the deer.

We do not agree with defendant's position. Whether a dangerous condition must be "of" or "on" a roadway has been the subject of numerous cases involving the exceptions to governmental immunity. The "on/of" distinction has been applied to the real property, highway, and street exceptions to governmental immunity.[2] While there are major differences between the exceptions, central to each is that immunity is waived for a "dangerous condition of" the real estate, highway, or street.

Our Supreme Court recently examined the "on/of" distinction with regard to the real estate exception and stated:

"Having carefully evaluated the parties' respective arguments, and having had the benefit of years of observing how the so-called 'on/of distinction' has affected this area of the law, we now conclude that the 'on/of

---

2. "On/of" applied to real estate exception, see *Shedrick v. William Penn School District,* 654 A.2d 163 (Pa. Commw. 1995), *allocatur denied,* 542 Pa. 682, 668 A.2d 1142 (1995). "On/of" applied to highways exception, see *Mason & Dixon Lines Inc. v. Mognet,* 166 Pa. Commw. 1, 645 A.2d 1370 (1994). "On/of" applied to streets exception, see *City of Philadelphia v. Melendez,* 156 Pa. Commw. 271, 627 A.2d 234 (1993).

distinction' is problematic and of little or no use. Not only is it strained and confusing, it is also incorrect, . . . . Therefore, we reject it." *Jones v. SEPTA,* 2001 WL 546498 (Pa. May 22, 2001).

The court went on to state:

"[W]e conclude that a claim for damages for injuries caused by a substance or an object on Commonwealth real estate must allege that the dangerous condition derived, originated, or had as its source the Commonwealth realty itself." *Jones v. SEPTA,* 2001 WL 546498 (Pa. May 22, 2001).

Guided by the wisdom and language of our Supreme Court regarding the "on/of" distinction, we believe that defendant's position is incorrect. We accordingly reject defendant's position that in order for the exception to apply there must be a dangerous condition "of" the roadway, and defendant's argument that it is entitled to judgment as a matter of law.

We also reject defendant's position that it is shielded by immunity, and therefore entitled to judgment as a matter of law because the traffic controls exception does not apply. The traffic controls exception found at 42 Pa.C.S. §8542(b)(4) provides:

"(4) *Trees, traffic controls and street lighting.*—A dangerous condition of trees, traffic signs, lights or other traffic controls, street lights or street lighting systems under the care, custody or control of the local agency, except that the claimant to recover must establish that the dangerous condition created a reasonably foreseeable risk of the kind of injury which was incurred and that the local agency had actual notice or could reason-

ably be charged with notice under the circumstances of the dangerous condition at a sufficient time prior to the event to have taken measures to protect against the dangerous condition."

Again, there is no dispute that defendant owed a duty to plaintiff and his son. Defendant, however, argues that plaintiff has presented no evidence to demonstrate that after the cement base was installed that this particular stop sign posed a danger to vehicles traveling on Township Road 303 or Township Road 326. However, the initial determination of whether the stop sign presented a dangerous condition, in our opinion, is a question of fact that must be determined by a jury. See *Bendas v. Township of White Deer,* 531 Pa. 180, 611 A.2d 1184 (1992), *reargument denied,* (1993); *Kilgore v. City of Philadelphia,* 553 Pa. 22, 717 A.2d 514 (1998). See also, *Dean v. PennDOT,* 561 Pa. 503, 751 A.2d 1130 (2000), *reargument denied* (2000). Since this issue affects plaintiff's ability to proceed against defendant, it is certainly a genuine issue of material fact sufficient to preclude the entry of summary judgment.

There is also a substantial disagreement and genuine dispute between the parties with regard to notice and with regard to whether this particular stop sign created a reasonably foreseeable risk that this kind of injury could result from an impact with the sign. We believe that these are genuine issues of material fact that also preclude the entry of summary judgment. Accordingly, after examining the record in a light most favorable to plaintiff, and after resolving all doubts in his favor, we find that there are genuine issues of material fact in dispute. We must,

therefore, deny defendant's motion for summary judgment.

## ORDER

And now, June 11, 2001, in consideration of the motion for summary judgment filed on behalf of defendant Luzerne Township, to plaintiff Vincent L. Angelo II's, complaint, and in further consideration of the record, applicable law, briefs, arguments and submissions of counsel, it is hereby ordered and decreed that defendant's motion is denied.